CITY OF WILSON v. THE BATTEN FAMILY, L.L.C.

[226 N.C. App. 434 (2013)]

CITY OF WILSON, Plaintiff-Appellee

v.

THE BATTEN FAMILY, L.L.C.; BRANCH BANKING & TRUST; and BB&T COLLATERAL
SERVICES CORPORATION, Trustee, Defendants-Appellants

No. COA12-1103

Filed 16 April 2013

**Eminent Domain—first hearing—all issues except compensation determined—request for second hearing**

The denial of defendant's motion for a second hearing in a condemnation action was affirmed where there had been a first hearing determining all issues except compensation and the motion for a second hearing raised an access issue not raised before. A party must argue all issues of which it is aware or reasonably should be aware in an N.C.G.S. § 136-108 hearing. Furthermore, a determination of access in the first hearing would have been an issue concerning title and area taken and thus would have required immediate appeal.

Appeal by Defendants from order entered 4 January 2012 by Judge James C. Cole in Superior Court, Wilson County. Heard in the Court of Appeals 11 February 2013.

*Cauley Pridgen, P.A., by James P. Cauley, III and Christopher L. Beacham, for Plaintiff-Appellee.*

*Narron & Holdford, P.A., by I. Joe Ivey; Farris & Farris, P.A., by Brian Paxton, for Defendants-Appellants.*

McGEE, Judge.

The City of Wilson (Plaintiff), pursuant to Article 9 of Chapter 136 of the North Carolina General Statutes, filed a complaint on 30 June 2008, to acquire by condemnation a portion of real property owned by The Batten Family, L.L.C. (Defendant) in order to obtain a utility easement.[1] Plaintiff sought a permanent easement of right-of-way to "construct,

---

1. "Pursuant to G.S. 136-66.3(g) a municipality is vested with the same authority to acquire rights-of-way for any state highway system as is granted to DOT. In the acquisition of these rights-of-way the municipality may use the procedure provided for in Article 9 of Chapter 136." *City of Albemarle v. Security Bank and Trust Co.*, 106 N.C. App. 75, 76, 415 S.E.2d 96, 98 (1992); *see also City of Charlotte v. BMJ of Charlotte, LLC*, 196 N.C. App. 1, 6, n. 6, 675 S.E.2d 59, 63, n. 6 (2009).

install, operate, utilize, inspect, rebuild, repair, replace, remove, and maintain overhead and/or underground facilities consisting of electric, gas or other fuel products, communication, or other utilities within [the] easement area[.]" Plaintiff's easement was located on the portion of Defendant's property that bordered Bloomery Road. Defendant filed an answer on 25 June 2009. Plaintiff amended its complaint and declaration of taking multiple times, including filing a Second Amended Complaint on 9 July 2010, adding Branch Banking and Trust and BB&T Collateral Service Corporation, Inc. as Defendants.[2] Plaintiff filed a "Motion for Determination of All Issues Other Than Damages," pursuant to N.C. Gen. Stat. § 136-108, on 26 February 2010. Defendant also filed a motion, requesting a determination of all issues other than compensation, on 21 March 2010.

The trial court conducted a hearing on 8 July 2010, "on the parties' motions pursuant to N.C. Gen. Stat. § 136-108 for an Order to determine and resolve any and all issues raised by the pleadings and amended pleadings in this action other than the issue of damages[.]" Plaintiff's original complaint listed only two parcels of real property owned by Defendant that would be affected by the taking. The sole issue argued at the hearing was whether nine parcels of real property, rather than two, should comprise one contiguous and commonly owned parent tract for purposes of the taking. Plaintiff and Defendant agreed that the only issue before the trial court was "whether there[] [was] unity of use of all these properties." During the hearing, Plaintiff elicited testimony from Dr. Frank Batten regarding access to Bloomery and Packhouse Roads. Dr. Batten affirmed that he still had access to both roads at that time. Defendant did not request that the trial court rule on the matter of access to either Bloomery or Packhouse Roads during the hearing.

Following the 8 July 2010 hearing, the trial court issued an order (the first order) ruling that the real property affected by the taking consisted of all nine parcels owned by Defendant; that the "nature of the title acquired by Plaintiff from Defendants is an easement interest[;]" and that the "only issue remaining [was] that of just compensation." In support of its ruling, the trial court made a number of findings of fact, including two relevant to this appeal:

> 9. The original [c]omplaint included as the "entire tract" only . . . the [two] tax parcels which have direct access to

---

2. It does not appear that Branch Banking and Trust and BB&T Collateral Service Corporation, Inc. participated in the hearings, and they have not appealed in this matter, so we use "Defendant" solely in this opinion to refer to The Batten Family, L.L.C.

Bloomery Road and which the taking area crosses.

. . . .

13. When [Defendant] acquired [five particular parcels], they were landlocked. They now have access through the remaining properties to both Bloomery Road and Packhouse Road.

Neither party appealed the first order.

Defendant filed another motion for hearing pursuant to N.C.G.S. § 136-108, on 17 November 2011, requesting that the trial court "determine all issues other than the issue of damages, to wit; whether Defendant['s] access to Bloomery Road has been materially and irrevocably altered by the Plaintiff['s] taking of a utility easement." Plaintiff filed a response to Defendant's motion on 29 November 2011, arguing that "one Superior Court judge may not correct another's errors of law," and that Defendant was not entitled to compensation for loss of access.

The trial court held a hearing on Defendant's motion on 29 and 30 November 2010. The trial court heard arguments from both parties' counsel, as well as testimony from Dr. Batten, regarding Defendant's loss of access to Bloomery Road. Dr. Batten testified that, "[f]rom the date of the taking" on 30 June 2008, the issue of access to Batten Road has "always been a concern." Plaintiff's counsel argued that the trial court had "already made a ruling" on the issue of access in the first order, and that one superior court judge could not overrule another. The trial court stated at the hearing that it was going to deny Defendant's motion for a N.C.G.S. § 136-108 hearing. Defendant asked the trial court the following: "So is it the [c]ourt's ruling that [the first] order which was a 108 hearing that that has decided the issue of loss of access?" The trial court responded: "That's correct." Defendant's counsel objected and stated Defendant's intention to appeal.

Plaintiff made a "motion in limine to exclude any evidence or testimony regarding the loss of access" from the trial on just compensation. However, because Defendant was appealing the denial of its motion for a second N.C.G.S. § 136-108 hearing, the parties and the trial court agreed that ruling on Plaintiff's motion would be inappropriate until after the appeal was decided.

The trial court entered an order on 10 January 2012 (the second order) denying Defendant's motion for a second N.C.G.S. § 136-108 hearing to determine all issues other than compensation. The trial court ruled that the first order "determined that . . . Defendant's property now has access

to Bloomery Road and Packhouse Road," and that the only remaining issue was determination of just compensation. Defendant appeals.

## I.

Defendant argues three issues on appeal: (1) that the first order did not determine the issue of access to Bloomery Road, (2) that even if the first order did determine the issue of access to Bloomery Road, the trial court failed to make sufficient findings of fact to support any conclusion and decretal order that Defendant had access and, (3) because the first order did not decide the issue of access, the second order was "devoid of sufficient findings of fact and conclusions of law to deny Defendant's motion for a hearing pursuant to G.S. § 136-108." We hold that the trial court correctly denied Defendant's motion for a second hearing pursuant to N.C.G.S. § 136-108, but for reasons different than those found by the trial court.

## II.

When a municipality deems a condemnation necessary, it must "institute a civil action by filing in the superior court of any county in which the land is located a complaint and a declaration of taking." N.C. Gen. Stat. § 136-103 (2011). The landowner may then file an answer "praying for a determination of just compensation." N.C. Gen. Stat. § 136-106 (2011).

"The [municipality], within 90 days from the receipt of the answer shall file in the cause a plat of the land taken and such additional area as may be necessary to properly determine the damages[.]" N.C. Gen. Stat. § 136-106(c) (2011). "After the filing of the plat, the judge, upon motion and 10 days' notice by either the [municipality] or the owner, *shall . . .* hear and determine *any and all* issues raised by the pleadings other than the issue of damages." N.C. Gen. Stat. § 136-108 (2011) (emphasis added). The issue of just compensation alone is then submitted to the jury. *Dep't of Transp. v. Rowe*, 351 N.C. 172, 173-74, 521 S.E.2d 707, 708 (1999). Rulings under N.C.G.S. 136-108 are typically interlocutory in that they do " 'not determine the issues but direct[] some further proceeding preliminary to final decree.' " *Rowe*, 351 N.C. at 174, 521 S.E.2d at 708 (quoting *Greene v. Laboratories, Inc.*, 254 N.C. 680, 693, 120 S.E.2d 82, 91 (1961)).

Generally, parties may not seek appeals of interlocutory orders before a final judgment is rendered. *Id.* at 174, 521 S.E.2d at 709. However, a party may immediately appeal an interlocutory order if that order "affects some substantial right claimed by the appellant and will work an

injury to him if not corrected before an appeal from the final judgment." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); *see also* N.C. Gen. Stat. 1-277 (2011). Our Supreme Court recognized in *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E.2d 772 (1967), that "orders from a condemnation hearing concerning title and area taken are 'vital preliminary issues' that *must* be immediately appealed pursuant to N.C.G.S. § 1–277, which permits interlocutory appeals of determinations affecting substantial rights." *Rowe*, 351 N.C. at 176, 521 S.E.2d at 709 (citation omitted) (emphasis added); *see also Nuckles*, 271 N.C. at 14, 155 S.E.2d at 784; *N.C. Dep't of Transp. v. Stagecoach Village*, 360 N.C. 46, 48, 619 S.E.2d 495, 496 (2005); *Progress Energy Carolinas, Inc. v. Strickland*, 181 N.C. App. 610, 612-13, 640 S.E.2d 856, 858 (2007). When appeal is mandatory, the right will be lost if appeal is not made within thirty days after entry of judgment. N.C.R. App. P. 3(c)(1).

In requiring immediate appeal of interlocutory orders involving issues of title and area taken, the *Nuckles* Court opined:

> One of the purposes of G.S. 136-108 is to eliminate from the jury trial any question as to what land [Plaintiff] is condemning and any question as to its title. Therefore, should there be a fundamental error in the judgment resolving these vital preliminary issues, ordinary prudence requires an immediate appeal, for that is the proper method to obtain relief from legal errors. G.S. 1-277. It may not be obtained by application to another Superior Court judge.

*Nuckles*, 271 N.C. at 14, 155 S.E.2d at 784. The Supreme Court added that it "would be an exercise in futility, completely thwarting the purpose of G.S. § 136-108" to have the jury assess just compensation without knowledge of the nature or extent of the condemnation. *Id.*

### III.

The sole issue presented at the first hearing was whether the real property affected by the taking included only two of the parcels of real property owned by Defendant or all nine parcels. The trial court ruled that all nine parcels owned by Defendant, as opposed to only two, comprised the "entire tract" or area affected by the taking.

Despite testimony from Dr. Batten that he considered access to Bloomery Road to have been an important issue "[f]rom the date of the taking" on 30 June 2008, Defendant did not argue this issue in the N.C.G.S. § 136-108 hearing on 8 July 2010.

The first order did not make any conclusions of law concerning the issue of loss of access to Bloomery Road, did not mention access in the decretal portion of the order, but did conclude that "[t]he only issue remaining is that of just compensation." Because the first order is "from a condemnation hearing" and concerns issues of "title and area taken," the correct mechanism for review of the first order was an appeal to this Court within thirty days of judgment pursuant to N.C.R. App. P. 3(c)(1).

Further,

> "[The] parties to a condemnation proceeding must resolve all issues other than damages at a hearing pursuant to N.C.G.S. § 136-108." [*Rowe*,] 351 N.C. at [176], 521 S.E.2d at [710]. N.C. Gen. Stat. § 136-108 provides:
>
>> After the filing of the plat, the judge, upon motion and 10 days' notice by either the [municipality] or the owner, *shall,* either in or out of term, hear and determine *any and <u>all</u> issues raised by the pleadings other than the issue of damages*, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken. (Emphasis added.)

*DeHart v. N.C. Dep't of Transp.*, 195 N.C. App. 417, 420-21, 672 S.E.2d 721, 723 (2009) (citation omitted) (some emphasis added). Defendant was required to argue "any and all" issues raised by the pleadings, other than just compensation, in the 8 July 2010 N.C.G.S. § 136-108 hearing, including issues of access to Bloomery Road. Instead, Defendant waited more than a year after the first hearing, and filed a motion requesting a second N.C.G.S. § 136-108 hearing to address this issue. Defendant appealed the second order, and now, approximately thirty-two months after the 8 July 2010 hearing, the issue is before this Court. We do not believe N.C.G.S. § 136-108 contemplates affording a party multiple hearings, at least not when the party had every opportunity to argue all relevant issues in a single N.C.G.S. § 136-108 hearing.

We hold that, at a minimum, a party must argue all issues of which it is aware, or reasonably should be aware, in a N.C.G.S. § 136-108 hearing. Defendant knew access across the easement was an issue before it moved for the first N.C.G.S. § 136-108 hearing, but did not argue access at that hearing. We leave undecided whether a second hearing, pursuant to N.C.G.S. § 136-108, might be appropriate in some circumstances. We

affirm the denial of Defendant's 17 November 2011 motion for a hearing pursuant to N.C.G.S. § 136-108, for the reasons just stated.

Furthermore, a determination of what, if any, access Defendant had to Bloomery Road would have been an issue "concerning title and area taken" and thus would have required immediate appeal pursuant to Nuckles. *Department of Transp. v. Roymac P'ship*, 158 N.C. App. 403, 406-07, 581 S.E.2d 770, 773 (2003). In the first order, the trial court included the following findings:

> 9. The original [c]omplaint included as the "entire tract" only [the two] tax parcels . . . which have direct access to Bloomery Road and which the taking area crosses.
>
> . . . .
>
> 13. When [Defendant] acquired [five particular parcels], they were landlocked. They now have access through the remaining properties to both Bloomery Road and Packhouse Road.

The trial court also concluded and decreed in the first order: "The only issue remaining is that of just compensation."

Defendant moved for a hearing to "determine any and all issues raised by the pleadings other than the issue of damages." N.C.G.S. § 136-108. Defendant, as demonstrated by Dr. Batten's testimony, was aware that access to Bloomery Road was an issue at the time it moved for the hearing. Following the hearing, the trial court, in its first order, twice affirmed that the only issue remaining was that of just compensation for the parcels taken. If Defendant believed it had properly argued the issue of access to Bloomery Road in the N.C.G.S. § 136-108 hearing, but that the trial court either (1) failed to address this issue in the first order, or (2) improperly determined that Defendant had access to Bloomery Road, Defendant was required to appeal from the first order and make those arguments to this Court. Because Defendant failed to appeal from the first order within thirty days of entry, it has lost that right. N.C.R. App. P. 3(c)(1).

We affirm only the denial of Defendant's 29 November 2011 motion for a second N.C.G.S. § 136-108 hearing. We base our decision on the analysis above, and not on the trial court's ruling that the first order determined the issue of access. "Where a trial court has reached the correct result, the judgment will not be disturbed on appeal even where a different reason is assigned to the decision." *Eways v. Governor's Island*, 326 N.C. 552, 554, 391 S.E.2d 182, 183 (1990) (citations omitted).

As such, we do not address the merits of Defendant's arguments regarding the findings of fact in the first order concerning access to Bloomery Road, and we vacate conclusion of law (2) and decretal paragraph (1) of the second order. This matter is remanded to the trial court for a determination of just compensation pursuant to Article 9 of Chapter 136 of the North Carolina General Statutes. The parties may argue to the trial court what issues should be considered by the jury in determining just compensation, including the issue of access to Bloomery Road.

Affirmed in part, vacated in part, and remanded.

Chief Judge MARTIN and Judge CALABRIA concur.