BRYANT, Judge.
 

 *148
 
 Where the time for filing notice of appeal was not tolled, we find plaintiff's appeal to be untimely. We therefore grant defendant's motion to dismiss plaintiff's appeal and deny plaintiff's petition for writ of certiorari.
 

 Plaintiff Town of Apex filed a condemnation action on 30 April 2015 against defendant Beverly L. Rubin in Wake County Superior Court. Plaintiff sought to acquire an easement across defendant's property and connect sewer access to an adjoining property owned by a private developer.
 

 *149
 
 Before the case went to trial on the issue of just compensation, both plaintiff and defendant filed motions seeking a "Section 108" hearing under
 
 N.C. Gen. Stat. § 136-108
 
 in order to determine if the condemnation was for public or private benefit. On 1 August 2016, a Section 108 hearing was held before the Honorable Elaine M. O'Neal, Judge presiding.
 

 At the hearing, defendant contested that plaintiff's interest in her property was for a public purpose "to improve the public utility system of the Town of Apex." Sometime between 2012 and 2013, Parkside Builders, LLC's manager Brad Zadell acquired multiple properties-formally known as Arcadia East-to the east of defendant's property and eventually combined these properties to create the proposed subdivision called Riley's Pond.
 
 [1]
 
 Zadell applied for Riley's Pond to be annexed into the Town of Apex, which was approved in late 2013. Zadell continued buying property surrounding defendant's home. He purchased approximately twenty-nine acres along the western border of defendant's property and this property became known as Arcadia West. Zadell again petitioned for annexation, which was approved in December 2013.
 

 Plaintiff owned and operated a sewer service in Arcadia West, however, Riley's Pond subdivision did not have a sewer service line at the time because the land was not developed. Nine months prior to plaintiff's approval to acquire a sewer easement on defendant's property, Zadell requested that plaintiff condemn defendant's property so that Riley's Pond could be connected to a sewer line, thereby substantially increasing the value of the land. At various times during the annexation and rezoning process, Zadell offered to purchase either defendant's entire tract or an easement so he could run a sewer to Riley's Pond. Defendant refused those offers.
 

 Zadell met with Public Works and Utilities Director, Timothy Donnelly, to discuss the status of acquiring the easement and requested that plaintiff use its powers of eminent
 
 *615
 
 domain. Donnelly then presented the matter to plaintiff. Sometime prior to an Apex Town Council meeting, plaintiff's attorney contacted defendant to inquire about plaintiff purchasing an easement to enable it to provide sewer service to Riley's
 
 *150
 
 Pond. Defendant was unwilling to sell, and plaintiff considered alternative locations for the sewer line. Given the topography of the property, plaintiff determined the route through defendant's property was the most appropriate one.
 

 On 10 February 2015, Zadell and plaintiff entered into a contract in which Zadell agreed to be responsible for all costs and expenses associated with plaintiff's efforts to acquire a sewer easement through defendant's property. On 26 February 2015, prior to the Apex Town Council meeting, a purchase contract was prepared in which Zadell agreed to sell Riley's Pond for $2.5 million more than its original purchase price. Five days later, on 3 March 2015, the Apex Town Council approved plaintiff's use of eminent domain to acquire an easement across defendant's property.
 

 On 18 October 2016 following the 1 August Section 108 hearing, Judge O'Neal concluded as a matter of law that the taking was for a private benefit and entered judgment ("Section 108 Judgment"). On 28 October 2016, plaintiff filed a Verified Motion for Reconsideration to Alter, Amend, and/or Seek Relief from Judgment ("Motion for Reconsideration"), citing Rules 59 and 60(b) of the North Carolina Rules of Civil Procedure. The superior court denied this motion by order entered 24 January 2017 (the "Reconsideration Order"). Plaintiff appeals from both the Section 108 Judgment and the Reconsideration Order.
 

 _________________________
 

 On appeal, plaintiff argues the superior court erred in its conclusion that the plaintiff's claim to defendant's property by eminent domain was for a private purpose. Additionally, plaintiff contends that the superior court erred in denying the Motion for Reconsideration. Defendant argues that plaintiff's Motion for Reconsideration from the Section 108 Judgment did not toll the thirty-day period for filing the notice of appeal, and therefore, plaintiff's appeal from the Section 108 Judgment is untimely. We first address defendant's argument and consider whether this Court has jurisdiction.
 

 Plaintiff filed its notice of appeal on 30 January 2017, which was more than thirty days after the Section 108 Judgment was rendered on 18 October 2016. Accordingly, in order to circumvent the jurisdictional bar to the appeal, plaintiff contends that the Rule 59 Motion for Reconsideration filed on 21 October 2016 tolled the thirty-day period for asserting a timely notice of appeal. We disagree.
 

 Rule 3(c) of the North Carolina Rules of Appellate Procedure provides that a notice of appeal must be filed within thirty days after
 
 *151
 
 entry of a final judgment. N.C. R. App. P. 3(c) (2017). "Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed."
 
 Currin-Dillehay Bldg. Supply, Inc. v. Frazier
 
 ,
 
 100 N.C. App. 188
 
 , 189,
 
 394 S.E.2d 683
 
 (1990). North Carolina courts have consistently held that "orders from a condemnation hearing concerning title and area taken are 'vital preliminary issues' that must be
 
 immediately appealed
 
 pursuant to N.C.G.S. § 1-277, which permits interlocutory appeals of determinations affecting substantial rights."
 
 City of Wilson v. Batten Family, L.L.C.
 
 ,
 
 226 N.C. App. 434
 
 , 438,
 
 740 S.E.2d 487
 
 , 490 (2013) (emphasis added) (quoting
 
 Dep't. of Transp. v. Rowe
 
 ,
 
 351 N.C. 172
 
 , 176,
 
 521 S.E.2d 707
 
 , 709 (1999) ).
 

 While rulings from a Section 108 hearing are typically interlocutory, an appeal is mandatory as the appropriate remedy for issues involving title and area.
 
 See
 

 N.C. State Highway Comm'n v. Nuckles
 
 ,
 
 271 N.C. 1
 
 , 14,
 
 155 S.E.2d 772
 
 , 784 (1967) ("One of the purposes of [a Section 108 hearing is] to eliminate from the jury trial any question as to [the land or area condemned]. Therefore, should there be a fundamental error in the judgment resolving these vital preliminary issues, ordinary prudence requires an immediate appeal, for that is the proper method to obtain relief from legal errors." Therefore, "[w]hen [an] appeal is mandatory, the right
 
 *616
 
 will be lost if [the] appeal is not made within thirty days after entry of judgment."
 
 Wilson
 
 ,
 
 226 N.C. App. at 438
 
 ,
 
 740 S.E.2d at 490
 
 .
 

 Here, the Section 108 hearing involved whether plaintiff's taking of defendant's property was motivated by a public use or benefit. Plaintiff was afforded the opportunity to present evidence and other supporting documents to rebut defendant's claims of a taking motivated and supported by private interests. Following the hearing, the superior court, considering all the evidence, issued a ruling in favor of defendant. Plaintiff did not immediately appeal but instead filed a Rule 59 Motion for Reconsideration.
 

 Because a Section 108 judgment becomes a final judgment on the issues it addresses if it is not immediately appealed, a
 
 proper
 
 motion for reconsideration under Rule 59 could serve the same purpose if a party to a condemnation action actually discovered new evidence after a Section 108 hearing, and that new evidence would lead to a different determination on the area or interest taken.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 59(a)(4) (2017).
 

 To qualify as a [proper] Rule 59 motion within the meaning of Rule 3 of the Rules of Appellate Procedure, the motion must "state the grounds therefor" and the grounds stated
 
 *152
 
 must be among those listed in Rule 59(a). The mere recitation of the rule number relied upon by the movant is not a statement of the grounds within the meaning of Rule 7(b)(1). The motion, to satisfy the requirements of Rule 7(b)(1), must supply information revealing the basis of the motion.
 

 Smith v. Johnson
 
 ,
 
 125 N.C. App. 603
 
 , 606,
 
 481 S.E.2d 415
 
 , 417 (1997) (citations and quotation marks omitted).
 

 Although a Rule 59 motion will toll the time for an appeal, we consider the motion based upon its substance. Notwithstanding the grounds listed in the motion, the substance of plaintiff's filing was not a proper Rule 59 motion. Plaintiff cites to Rule 59 generally in its motion for reconsideration which alleges an attempt to present new evidence; however, that evidence was admittedly available at the time of the Section 108 hearing.
 

 In its motion, plaintiff concedes that "[a]lthough most of the evidence and facts discussed herein existed at the time of the 'all other issues' [Section 108] hearing, it was not known or reasonably anticipated that this evidence would be necessary. But given the [c]ourt's ruling in the matter, the [c]ourt should consider this evidence." Even assuming plaintiff did not reasonably anticipate the evidence needed at the Section 108 hearing, a Rule 59 motion is not intended to be a second bite at the apple where the evidence was in plaintiff's possession or existed at the time of hearing and plaintiff was afforded "every opportunity to argue all relevant issues in a single [Section 108] hearing."
 
 Wilson
 
 ,
 
 226 N.C. App. at 439
 
 ,
 
 740 S.E.2d at
 
 491 ;
 
 see also See
 

 N.C. All. for Transp. Reform, Inc. v. N.C. Dep't of Transp.
 
 ,
 
 183 N.C. App. 466
 
 , 470,
 
 645 S.E.2d 105
 
 , 108 (2007) ("Although such deficiency would alone be adequate basis for dismissal of the motion, the trial court also found that petitioners simply sought to reargue matters from the earlier hearing, additionally supporting the court's conclusions that the Motion to Alter or Amend was not a proper Rule 59(e) motion."). Therefore, having determined the substance of plaintiff's Rule 59 motion was not proper, it could not effectively toll the thirty-day notice of appeal.
 
 See
 
 N.C. R. App. P. 3(c).
 

 Accordingly, as the notice of appeal was untimely, plaintiff's appeal from the Section 108 Judgment is dismissed. Because plaintiff attempted to use an improper Rule 59 motion as a substitute for appeal, we will not review an appeal from the denial of such an improper motion.
 
 See
 

 Musick v. Musick
 
 ,
 
 203 N.C. App. 368
 
 , 371,
 
 691 S.E.2d 61
 
 , 63 (2010) ("Neither a Rule 59 motion nor a Rule 60 motion may be used as a substitute for an appeal.").
 

 *153
 
 Following oral argument, plaintiff petitioned this Court, on 22 June 2018, to exercise its discretion and grant a writ of certiorari as an alternative means to review the merits of the superior court's judgment. However, we decline to exercise our discretion to allow a writ of certiorari.
 
 See
 
 N.C. R. App. P. 21(a) (2017). Plaintiff's petition for a
 
 *617
 
 writ of certiorari is denied.
 
 [2]
 

 DISMISSED.
 

 Chief Judge MCGEE and Judge STROUD concur.
 

 [1]
 

 We note from the record that Parkside Builders, LLC owned the property to the east of defendant's property. Brad Zadell acted in his official capacity as the manager-owner of Parkside Builders, LLC. On or before 31 December 2014, before condemnation, Parkside Builders, LLC conveyed Riley's Pond to Transom Row Properties II, LLC, which was another company managed by Zadell. For ease of reading, we refer to Zadell and Zadell-managed companies as "Zadell" throughout this opinion.
 

 [2]
 

 Although dicta, we note for plaintiff's benefit that a review of the superior court's findings of fact and conclusions of law in the Section 108 Judgment appear to be supported by evidence in the record. Further, a review of the underlying record, including the transcript and submissions of evidence, appear to support the superior court's denial of the Motion for Reconsideration.