IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-188

 No. COA20-305

 Filed 4 May 2021

 Wake County, No. 19-CVS-6295

 TOWN OF APEX, Plaintiff,

 v.

 BEVERLY L. RUBIN, Defendant.

 Appeal by Defendant from orders entered 21 January 2020 by Judge G. Brian

 Collins in Wake County Superior Court. Heard in the Court of Appeals 24 February

 2021.

 Nexen Pruet, PLLC, by David P. Ferrell and Norman W. Shearin, for Plaintiff-
 Appellee.

 Fox Rothschild LLP, by Matthew Nis Leerberg and Troy D. Shelton, and
 Howard, Stallings, From, Atkins, Angell & Davis, P.A., by Kenneth C. Haywood
 and B. Joan Davis, for Defendant-Appellant.

 Johnston, Allison & Hord, P.A., by R. Susanne Todd and Maisha M. Blakeney,
 and Sever Storey, LLP, by Shiloh Daum, for amicus curiae North Carolina
 Advocates for Justice.

 John Locke Foundation, by Jonathan D. Guze, amicus curiae.

 INMAN, Judge.

¶1 This appeal arises from the same underlying facts at issue in Town of Apex v.

 Rubin, COA20-304, ___ N.C. App. ___, 2021-NCCOA-___ (filed 4 May 2021)
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 (hereinafter “Apex v. Rubin I”), filed concurrently with this opinion. In that action,

 as here, Plaintiff-Appellee Town of Apex (“the Town”) asserts title to a sewer line

 installed on Defendant-Appellant Beverly L. Rubin’s (“Ms. Rubin”) land for a non-

 public purpose, in excess of the Town’s eminent domain powers, and in violation of

 Ms. Rubin’s constitutional rights. Both cases involve the same facts and some of the

 same legal issues. Apex v. Rubin I arises from post-judgment orders in a direct

 condemnation action. This appeal arises from interlocutory orders in a separate

 declaratory judgment action filed by the Town to settle the parties’ rights in the sewer

 line and prohibit Ms. Rubin from disturbing it after the Town’s condemnation action

 was dismissed.

¶2 Ms. Rubin appeals from interlocutory orders denying her motion to dismiss the

 Town’s declaratory judgment complaint and granting the Town’s motion for a

 preliminary injunction. After careful review, we reverse in part and affirm in part

 the trial court’s denial of Ms. Rubin’s motion to dismiss. We vacate in part and affirm

 in part the preliminary injunction.

 I. FACTUAL AND PROCEDURAL HISTORY

¶3 Many of the facts underlying this appeal are discussed in Apex v. Rubin I. But

 because this appeal arises out of a separate action with its own unique procedural

 history, we will summarize facts pertinent to the issues before us here.
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 1. The Direct Condemnation Action, Appeal, Post-Judgment Motions, and
 The Town’s Response

¶4 In 2015, the Town filed a direct condemnation action and, under its statutory

 “quick take” powers, assumed title to a sewer easement across Ms. Rubin’s property

 to connect a private residential development called Riley’s Pond to the Town’s sewer

 service. Ms. Rubin contested the direct condemnation action as for a non-public

 purpose but did not counterclaim for or otherwise pursue injunctive relief. While the

 direct condemnation was pending, the Town installed its sewer pipe on Ms. Rubin’s

 property.

¶5 The trial court ultimately ruled in favor of Ms. Rubin, declared the taking was

 for an impermissible non-public purpose, and entered a judgment dismissing the

 Town’s direct condemnation action in October 2016 (“the Judgment”). The Judgment

 was left undisturbed following a series of post-judgment motions and appeals by the

 Town. Town of Apex v. Rubin, 262 N.C. App. 148, 153, 821 S.E.2d 613, 616-17 (2018),

 temp. stay dissolved, disc. rev. denied, 372 N.C. 107, 825 S.E.2d 253 (2019).

¶6 Having prevailed in the direct condemnation action, Ms. Rubin asked the Town

 to remove the sewer line. The Town refused, leading Ms. Rubin to file a combined

 motion to enforce the Judgment and petition for writ of mandamus to compel the

 Town to remove the sewer pipe.
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

¶7 The Town responded to Ms. Rubin’s motion in two ways. First, in the direct

 condemnation action, it filed a motion for relief on the basis that the Judgment voided

 the action ab initio, extinguished the trial court’s jurisdiction, and rendered the

 installation of the sewer line a separate inverse condemnation. Second, the Town

 filed a new declaratory judgment lawsuit—the subject of this appeal—seeking to

 declare the sewer pipe installation an easement by inverse condemnation, limit Ms.

 Rubin’s relief to that singular remedy, and enjoin her from removing the sewer line.

 2. The Declaratory Judgment Complaint and Ms. Rubin’s Motion to Dismiss

¶8 The facts alleged in the Town’s declaratory judgment complaint largely restate

 the procedural history of the direct condemnation action through the filing of Ms.

 Rubin’s post-judgment motions. Based on those facts, the Town asserts it is entitled

 to judgment declaring:

 (1) . . . that the installation of the sewer line on 27 July
 2015 was an inverse taking, (2) that inverse condemnation
 is Rubin’s sole remedy for the installation of the sewer pipe
 on her property, (3) that the remedy of inverse
 condemnation is time barred, (4) that given the Town’s
 limited waiver of its defense of the statute of limitations,
 Rubin is entitled to a jury trial on the issue of the amount
 of compensation due for the inverse taking described in this
 complaint, (5) that . . . relief be granted to order a jury trial
 to be held on the issue of the amount of compensation due
 for the inverse taking described in this complaint, (6) that
 . . . relief be granted to order the amount deposited by the
 Town that is being held by the Clerk of Superior Court for
 the benefit of Rubin be deemed to be the Town’s deposit of
 its estimate of just compensation for the inverse taking
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 described in this complaint, (7) that the judgment is res
 judicata as to any claims by Rubin for injunctive relief or
 an extraordinary writ, and/or should not be applied
 prospectively . . . , and (8) [that] the doctrines of laches,
 economic waste, and other similar equitable doctrines bar
 Defendant from causing the removal of the sewer pipe.

¶9 Ms. Rubin filed a motion to dismiss the Town’s complaint under Rule 12(b)(6)

 of the North Carolina Rules of Civil Procedure, arguing that the complaint was barred

 by res judicata and the prior action pending doctrine based on the Judgment and her

 then-unresolved post-judgment motions.

 3. The Orders Denying Ms. Rubin’s Motion to Dismiss and Entering a
 Preliminary Injunction

¶ 10 The trial court heard motions in both the direct condemnation action and the

 declaratory judgment action jointly and ruled for the Town in each. In the direct

 condemnation action, the trial court denied Ms. Rubin’s motion to enforce the

 Judgment, denied Ms. Rubin’s petition for writ of mandamus, and granted the Town’s

 motion for relief from the Judgment. We review those rulings in Apex v. Rubin I. In

 the declaratory judgment action, the trial court denied Ms. Rubin’s motion to dismiss

 and entered a preliminary injunction prohibiting Ms. Rubin from disturbing the

 sewer line. This decision addresses only the declaratory judgment action.1

 1 The direct condemnation action is discussed in greater detail in Apex v. Rubin I. To
 the extent we discuss the contents of the record of Apex v. Rubin I, we take judicial notice of
 those documents. See West v. G.D. Reddick, Inc., 302 N.C. 201, 202, 274 S.E.2d 221, 223
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

¶ 11 The trial court’s order denying Ms. Rubin’s motion to dismiss, consistent with

 ordinary practice, contains no findings of fact or conclusions of law, and simply denies

 dismissal on the two grounds asserted by Ms. Rubin. In its preliminary injunction

 order, the trial court made findings of fact and conclusions of law establishing: (1) a

 dispute existed between the parties as to whether Ms. Rubin could disturb, destroy,

 or compel the Town to remove the sewer line; (2) an inverse condemnation had

 occurred as a result of the Town’s installation of the sewer line and the subsequent

 dismissal of the direct condemnation action; (3) Ms. Rubin’s sole remedy was an

 inverse condemnation claim; (4) removal of the sewer line would cause irreparable

 harm to the Town and the lots and/or homes served in Riley’s Pond; (5) an injunction

 was necessary to protect the Town’s rights and preserve the status quo during the

 course of litigation; (6) there are no practical alternatives available to the Town to

 serve Riley’s Pond; and (7) the Town is likely to succeed on the merits of its claims for

 declaratory and injunctive relief.

¶ 12 Ms. Rubin noticed an appeal from both orders. The Town filed a motion to

 dismiss Ms. Rubin’s appeal with this Court on 19 May 2020 on the ground that the

 orders below are interlocutory and do not affect a substantial right. Ms. Rubin then

 (1981) (“[A] court may take judicial notice of its own records in another interrelated
 proceeding where the parties are the same, the issues are the same and the interrelated case
 is referred to in the case under consideration.”).
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 filed a conditional petition for writ of certiorari requesting review should this Court

 grant the Town’s motion to dismiss.

 II. ANALYSIS

¶ 13 Ms. Rubin broadly argues, as she does in Apex v. Rubin I, that the trial court’s

 orders in this case stem from the erroneous conclusions that: (1) the Judgment does

 not grant her a right to mandatory injunctive relief to remove the pipe; and (2) the

 Town’s installation of the pipe during the pendency of the direct condemnation action,

 absent any effort by Ms. Rubin to enjoin that installation, vested the Town with title

 to a sewer easement by inverse condemnation. Because those issues are necessary to

 the resolution of Apex v. Rubin I, she contends the Town’s declaratory judgment

 action, and by extension its request for a preliminary injunction, are barred by res

 judicata and the prior action pending doctrine.

 1. Appellate Jurisdiction

¶ 14 We first resolve the question of appellate jurisdiction. Both parties agree that

 Ms. Rubin seeks to appeal two interlocutory orders, and that such orders are not

 subject to immediate appellate review unless they affect a substantial right. N.C.

 Gen. Stat. § 7A-27(b)(3)(a) (2019). As explained below, we conclude both orders affect

 a substantial right.

¶ 15 Interlocutory orders rejecting a res judicata defense may affect a substantial

 right when “ ‘(1) the same factual issues would be present in both trials and (2) the
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 possibility of inconsistent verdicts on those issues exists.’ ” Whitehurst Inv. Props,

 LLC .v NewBridge Bank, 237 N.C. App. 92, 96, 764 S.E.2d 487, 490 (2014) (quoting

 Heritage Operating, L.P. v. N.C. Propane Exch., LLC, 219 N.C. App. 623, 628, 727

 S.E.2d 311, 315 (2012)).

¶ 16 Both prongs are satisfied here. Apex v. Rubin I and the declaratory judgment

 action arise out of the same factual issues. In Apex v. Rubin I, the Town sought relief

 from the Judgment by asserting that: (1) the installation of the sewer pipe and

 dismissal of the direct condemnation action gave it title by inverse condemnation;

 and (2) Ms. Rubin’s sole remedy is monetary compensation for the inverse

 condemnation. Here, the Town alleges ownership of a sewer easement based on these

 same facts under the same legal theory, and again asserts Ms. Rubin can only receive

 monetary compensation for the taking in an amount determined by a jury. Given our

 holding in Apex v. Rubin I that the Town does not have title to any sewer easement

 across Ms. Rubin’s land under any condemnation theory, that she cannot be

 compelled to accept monetary compensation for the violation of her constitutional

 rights, and that she may seek mandatory injunctive relief through a separate

 trespass claim for the Town’s unlawful presence, the declaratory judgment action

 presents a possibility of inconsistent verdicts on the question of the Town’s ownership

 of a sewer easement and, by extension, the remedy available to Ms. Rubin for the

 taking.
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

¶ 17 The trial court’s orders denying Ms. Rubin’s motion, based on res judicata, to

 dismiss the Town’s declaratory judgment action and granting the Town’s motion for

 preliminary injunction entered conclude—contrary to our holdings in Apex v. Rubin

 I—that the Town has title to a sewer easement by inverse condemnation and Ms.

 Rubin’s sole remedy is monetary compensation. These orders thus affect a

 substantial right and we deny the Town’s motion to dismiss this appeal.

¶ 18 Even assuming, arguendo, that the trial court’s orders do not affect a

 substantial right, Ms. Rubin’s petition for writ of certiorari is appropriate to “serve

 the expeditious administration of justice or some other exigent purpose.” Stanback

 v. Stanback, 287 N.C. 448, 453, 215 S.E.2d 30, 34 (1975). The interests of judicial

 economy are implicated and may be well served by certiorari review of interlocutory

 orders when they are “interrelated [in] nature” to other issues on appeal as a matter

 of right. Jessee v. Jessee, 212 N.C. App. 426, 431, 713 S.E.2d 28, 33 (2011). See also

 Radcliffe v, Avenel Homeowners Ass’n, 248 N.C. App. 541, 551, 789 S.E.2d 893, 901-

 02 (2016) (granting certiorari review of interlocutory orders when they “factually

 overlapp[ed]” with other issues on review). Our resolution of Apex v. Rubin I

 necessarily impacts the claims and defenses available to the parties in the declaratory

 judgment action, and, given this overlap, the interests of judicial economy are served
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 by immediate review of the interlocutory orders at issue here.2 As a result, and even

 absent a substantial right, we would grant Ms. Rubin’s petition for certiorari review

 of the trial court’s denial of her motion to dismiss and its preliminary injunction

 order.

 2. Standards of Review

¶ 19 We review a denial of a motion to dismiss under Rule 12(b)(6) de novo. Green

 v. Kearney, 203 N.C. App. 260, 266, 690 S.E.2d 755, 761 (2010). In undertaking this

 review, “[w]e consider the allegations in the complaint true, construe the complaint

 liberally, and only reverse the trial court’s denial of a motion to dismiss if plaintiff is

 entitled to no relief under any set of facts which could be proven in support of the

 claim.” Christmas v. Cabarrus Cty., 192 N.C. App. 227, 231, 664 S.E.2d 649, 652

 (2008) (citation omitted). A 12(b)(6) motion:

 is seldom an appropriate pleading in actions for
 declaratory judgments, and will not be allowed simply
 because the plaintiff may not be able to prevail. It is
 allowed only when the record clearly shows that there is no
 basis for declaratory relief as when the complaint does not
 allege an actual, genuine existing controversy.

 N.C. Consumers Power, Inc. v. Duke Power Co., 285 N.C. 434, 439, 206 S.E.2d 178,

 182 (1974) (citations omitted).

 2 The Town did not oppose Ms. Rubin’s petition for certiorari review and conceded at

 oral argument that this appeal overlaps with Apex v. Rubin I.
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

¶ 20 Review of an order granting a preliminary injunction is also “essentially de

 novo.” Robins & Weill, Inc. v. Mason, 70 N.C. App. 537, 540, 320 S.E.2d 693, 696

 (1984). This extends to findings of fact made by the trial court, as “an appellate court

 is not bound by the findings [in the preliminary injunction order], but may review

 and weigh the evidence and find facts for itself.” A.E.P. Indus., Inc. v. McClure, 308

 N.C. 393, 402, 302 S.E.2d 754, 760 (1983) (citations omitted). Even so, “a trial court’s

 ruling on a motion for a preliminary injunction is presumed to be correct, and the

 party challenging the ruling bears the burden of showing it was erroneous.” Analog

 Devices, Inc. v. Michalski, 157 N.C. App. 462, 465, 579 S.E.2d 449, 452 (2003) (citation

 omitted). A preliminary injunction is only available:

 (1) if a plaintiff is able to show likelihood of success on the
 merits of his case and (2) if a plaintiff is likely to sustain
 irreparable loss unless the injunction is issued, or if, in the
 opinion of the Court, issuance is necessary for the
 protection of a plaintiff’s rights during the course of
 litigation.

 Investors, Inc. v. Berry, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977) (citations

 omitted).

 3. Res Judicata Precludes Relitigation of Title to the Sewer Easement

¶ 21 Ms. Rubin argues that the Judgment in Apex v. Rubin I and res judicata bars

 the Town “from relitigating whether the Town has a claim to an easement on Ms.

 Rubin’s property.” We agree.
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

¶ 22 “Generally, in order that the judgment in a former action may be held to

 constitute an estoppel as res judicata in a subsequent action there must be identity

 of parties, of subject matter and of issues.” Carolina Power & Light Co. v. Merrimack

 Mut. Fire Ins. Co., 238 N.C. 679, 691, 79 S.E.2d 167, 175 (1953). All three

 requirements are met here. The parties are the same. The subject matter, namely,

 a sewer easement across Ms. Rubin’s land to serve Riley’s Pond, is the same. And the

 issues—whether the Town can compel Ms. Rubin to surrender title to such an

 easement in exchange for compensation—are the same. In fact, despite now claiming

 Apex v. Rubin I did not involve the same facts or issues, the Town moved for—and

 received—relief from the Judgment on the basis that “[t]he sewer easement is the

 subject of the captioned [direct] condemnation . . . [and] [t]he inverse condemnation

 of the sewer easement . . . transferred title to the easement to the Town.” And though

 the Town now argues res judicata should not apply because the Judgment in Apex v.

 Rubin I did not specifically address a taking by inverse condemnation, a party cannot

 escape the doctrine’s application merely by swapping theories of recovery. See, e.g.,

 Rodgers Builders, Inc. v. McQueen, 76 N.C. App. 16, 30, 331 S.E.2d 726, 735 (1985)

 (“The defense of res judicata may not be avoided by shifting legal theories or asserting

 a different ground for relief.” (citations omitted)).

¶ 23 As we held in Apex v. Rubin I, binding precedents preclude us from holding

 that the Town took title to a sewer easement by inverse condemnation across Ms.
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 Rubin’s land by virtue of its “ [‘]precipitate entry and construction’ ” during the

 pendency of the direct condemnation action and in the face of Ms. Rubin’s defense

 that the taking was for a non-public purpose. Apex v. Rubin I, ___ N.C. App. at ___,

 2021-NCCOA-___, ¶ 23 (quoting State Highway Comm’n v. Thornton, 271 N.C. 227,

 237, 156 S.E.2d 248, 256 (1967)). See also Town of Midland v. Morris, 209 N.C. App.

 208, 214, 704 S.E.2d 329, 335 (2011) (holding a “city [cannot] obtain permanent title

 to the land by fulfilling the purpose of a condemnation before final judgment”). The

 Judgment in Apex v. Rubin I, involving the same parties, subject matter, and issues,

 was therefore res judicata as to any claim by the Town that the completion of the

 sewer pipe during the direct condemnation action vested it with title to a sewer

 easement.3 We reverse the denial of Ms. Rubin’s motion to dismiss as it pertains to

 this claim.

¶ 24 We are unpersuaded by the Town’s argument that our decision in City of

 Charlotte v. Rousso, 82 N.C. App. 588, 346 S.E.2d 693 (1986), supports a

 determination that res judicata does not apply here. In Rousso, the City of Charlotte

 3 The Town, as it did in Apex v. Rubin I, relies on Wilkie v. City of Boiling Spring

 Lakes, 370 N.C. 540, 809 S.E.2d 853 (2018), for the proposition that it can claim title to the
 easement by inverse condemnation irrespective of the Judgment in the direct condemnation
 action. We find Wilkie inapplicable here for all the reasons stated in Apex v. Rubin I. ___
 N.C. App. at ___, 2021-NCCOA-___, ¶ 26. Wilkie did not involve the doctrine of res judicata
 or the issue of whether a condemnor can swap its legal theory of ownership from direct
 condemnation to inverse condemnation when an action under the former fails.
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 filed a direct condemnation action to convert a landowner’s lot into retail space for

 rent by private enterprises. Id. at 589, 346 S.E.2d at 694. When that direct

 condemnation action was dismissed as for a non-public purpose, Charlotte filed a new

 direct condemnation action seeking to take the same lot for a public park. Id. We

 held that the new condemnation action was not barred by res judicata because the

 change in purpose meant it was “not based upon the same facts as the prior

 case . . . [and] [wa]s free of the illegal taint that caused the earlier case to fail.” Id.

¶ 25 We are not persuaded that this Court’s decision in Rousso supports the Town’s

 position here. The condemnor in Russo fundamentally changed its purpose for taking

 the landowner’s property—from use for retail space to use for a public park—before

 bringing its second condemnation action. No such change has occurred here, as the

 Town has simply changed its legal theory to take a sewer easement across Ms.

 Rubin’s land to serve Riley’s Pond. Further, unlike the condemnor in Rousso, the

 Town has not filed a second direct condemnation action, but instead claims title

 through inverse condemnation by dint of the sewer pipe it installed for a non-public

 purpose in the failed direct condemnation action. Nothing has rendered the Town’s

 actions “free of the illegal taint that caused the earlier case to fail,” Rousso, 82 N.C.

 App. at 589, 346 S.E.2d at 694, so res judicata applies.

 4. Res Judicata Bars the Town’s Claims that Inverse Condemnation Is Ms.
 Rubin’s Sole Remedy, Compensation Is Her Sole Relief, and Mandatory
 Injunctive Relief is Unavailable
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

¶ 26 We likewise conclude that our holding in Apex v. Rubin I and res judicata bar

 a declaratory judgment limiting Ms. Rubin’s remedy to compensation pursuant to an

 inverse condemnation claim. In Apex v. Rubin I, the Town moved for relief from the

 Judgment on the ground, among others, that inverse condemnation is the only cause

 of action available to Ms. Rubin, that “[t]he exclusive remedy to which [Ms.] Rubin is

 entitled for inverse condemnation is compensation,” and that “the Town . . . [is]

 insulate[d] from [Ms.] Rubin’s claim that she is entitled to mandatory injunctive

 relief.” The trial court then entered orders agreeing with those arguments. Despite

 requesting and receiving an order relieving it from the Judgment on those bases in

 the direct condemnation action, the Town nonetheless sought and obtained an

 identical determination in its declaratory judgment action. Because these claims for

 declaratory relief involve the same parties, the same subject matter, and the same

 issues as those raised and determined in Apex v. Rubin I, our holding therein that

 Ms. Rubin cannot be compelled to accept compensation and may instead elect to

 pursue mandatory injunctive relief through a trespass claim bars relitigation of these

 questions by the Town in its declaratory judgment action. Apex v. Rubin I, ___ N.C.

 App. at ___, 2021-NCCOA-___, ¶ 42.

 5. The Town’s Remaining Claims Are Not Barred

¶ 27 The Town’s declaratory judgment action seeks resolution of other claims that
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 we conclude are not barred, because they were not addressed in the Judgment.

 Specifically, the complaint alleges the Town’s ownership of the pipe itself, asserts “[a]

 genuine controversy exists between the Town and [Ms.] Rubin as to their rights and

 duties regarding the underground sewer line,” requests a permanent injunction

 “enjoining [Ms.] Rubin . . . from removing or disturbing the sewer line,” and seeks a

 declaration that “the doctrines of laches, economic waste, and other similar equitable

 doctrines bar [Ms. Rubin] from causing the removal of the sewer pipe.” The question

 raised by these claims—what is to be done with the Town’s encroaching pipe following

 the Judgment now that fee simple title in the land reverted back to Ms. Rubin—was

 not raised by Ms. Rubin or addressed by the Judgment in Apex v. Rubin I. As our

 opinion explains:

 [T]he Judgment reverted title to Ms. Rubin in fee, restoring
 to her exclusive rights in the tract and divesting the Town
 of any legal title or lawful claim to encroach on it.

 But because Ms. Rubin did not seek mandatory injunctive
 relief in the direct condemnation action, she is not entitled
 to that remedy by the plain language of the
 Judgment. . . . The trial court . . . rendered its Judgment
 declaring null and void both the direct condemnation
 action and the Town’s “quick take” title to the easement.
 The Judgment, given the issues raised before the trial
 court, did nothing more than that.

 Apex v. Rubin I, ___ N.C. App. at ___, 2021-NCCOA-___, ¶¶ 32-33 (citations omitted).

¶ 28 Thornton, discussed at length in Apex v. Rubin I, likewise suggests that
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

dismissal of a direct condemnation action does not serve to fully and finally adjudicate

what relief is available against parties who continue to occupy the land when the

landowner did not seek an injunction during condemnation. In such a circumstance,

the prevailing landowners “are entitled to have [the direct condemnation] proceeding

dismissed, leaving them to whatever rights they may have against those who have

trespassed upon their land and propose to continue to do so.” Thornton, 271 N.C. at

240, 156 S.E.2d at 258 (emphasis added). Here, because the Judgment addressed

only whether the Town lawfully took title to a sewer easement across Ms. Rubin’s

land—and not what must now be done with the installed sewer pipe—the extent and

enforcement of the “rights [Ms. Rubin] may have” against the Town were not

adjudicated in the Judgment. The Town’s declaratory judgment action therefore

presents new issues,4 namely whether the trespassing Town must remove its pipe or

can preclude Ms. Rubin from disturbing it despite title based on “laches, economic

waste, and other similar equitable doctrines.”5

 4 We do not address whether the Town might ultimately prevent a removal of the pipe

based on the equitable doctrines asserted in its complaint, as that is not the question raised
by a 12(b)(6) motion to dismiss a declaratory judgment action. See, e.g., Morris v. Plyler Paper
Stock Co., 89 N.C. App. 555, 557, 366, S.E.2d 556, 558 (1988) (“A motion to dismiss for failure
to state a claim is seldom appropriate in actions for declaratory judgments, and will not be
allowed simply because the plaintiff may not be able to prevail.”).
 5 At least one of the equitable doctrines contemplated by the Town is generally raised

as an affirmative defense. See, e.g., MMR. Holdings, LLC v. City of Charlotte, 148 N.C. App.
208, 209-10, 558 S.E.2d 197, 198 (2001) (describing the equitable doctrine of laches as an
“affirmative defense”). And we acknowledge that res judicata “bars every ground of recovery
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

¶ 29 Ms. Rubin further contends that the declaratory judgment action should be

 dismissed in toto because the complaint allegedly failed to disclose a genuine

 controversy. She premises this argument on her belief that the question of whether

 removal of the sewer pipe is required had already been fully adjudicated and

 determined in Apex v. Rubin I. However, as we have stated, the Judgment simply

 determined title reverted to Ms. Rubin and did not address what must be done with

 the Town’s pipe under her land. We therefore reject this argument.

¶ 30 We also conclude that the prior action pending doctrine does not require

 dismissal of the Town’s request for a declaration as to whether the pipe must be

 moved or may remain under some equitable theory absent title. Under the doctrine,

 “[w]hen a prior action is pending between the same parties, affecting the same subject

 matter in a court within the state . . . having like jurisdiction, the subsequent action

 is wholly unnecessary and therefore, in the interest of judicial economy, should be

 subject to plea in abatement.” State ex rel. Onslow Cty. v. Mercer, 128 N.C. App. 371,

 375, 496 S.E.2d 585, 587 (1998) (citations omitted). However, for purposes of the

 or defense which was actually presented or which could have been presented in the previous
 action.” Goins v. Cone Mills Corp., 90 N.C. App. 90, 93, 367 S.E.2d 335, 336-37 (1988)
 (emphasis added). However, because Ms. Rubin did not assert a claim for mandatory
 injunctive relief in the prior action and did not receive a judgment to that effect, any equitable
 defenses to such relief are not barred by res judicata. See Walton v. Meir, 10 N.C. App. 598,
 604, 179 S.E.2d 834, 838 (1971) (“[T]his principle simply means that a defendant must assert
 any defense that he has available, and that he will not be permitted in a later action to assert
 as an affirmative claim, a defense, which if asserted and proved as a defense in the former
 action, would have barred the judgment entered in plaintiffs’ favor.” (emphasis added)).
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 doctrine, “[a]n action is deemed to be pending from the time it is commenced until its

 final determination,” and the rights available to Ms. Rubin were finally determined

 upon entry of the Judgment. Apex v. Rubin I, ___ N.C. App. at ___, 2021-NCCOA-

 ___, ¶¶ 32-33. While Ms. Rubin raised in her post-judgment motions the issue of

 whether the Town must be compelled to remove the pipe, we have held that the

 Judgment did not award her such relief and she was not entitled to obtain it in that

 action. Id. at ___, 2021-NCCOA-___, ¶ 33. In other words, because the Judgment did

 not grant mandatory injunctive relief, despite Ms. Rubin’s post-judgment motions, no

 proper action regarding removal of the pipe was pending at the time the Town filed

 its declaratory judgment action.

 6. The Preliminary Injunction

¶ 31 A preliminary injunction is proper:

 (1) if a plaintiff is able to show likelihood of success on the
 merits of his [or her] case and (2) if a plaintiff is likely to
 sustain irreparable loss unless the injunction is issued, or
 if, in the opinion of the Court, issuance is necessary for the
 protection of a plaintiff's rights during the course of
 litigation.

 Ridge Cmty. Inv’rs, Inc. v. Berry, 293 N.C. 688, 701 239 S.E.2d 566, 574 (1977). Ms.

 Rubin only challenges the first prong, arguing that the Town cannot show a likelihood

 of success on the merits because the entire complaint should have been dismissed

 under res judicata or prior action pending grounds. We agree with Ms. Rubin that
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 the Town cannot succeed on its claims that are barred by Apex v. Rubin I and res

 judicata, as discussed in Parts II.3-4 above. We therefore vacate findings of fact 9,

 11, 14, 20, and 21, as well as a portion of conclusion of law 2, in the preliminary

 injunction order that are contrary to Apex v. Rubin I. In light of today’s decisions in

 these cases, the Town cannot show a likelihood of success on those claims.

¶ 32 Ms. Rubin further asserts the trial court erred in finding as a fact that there

 are no practical alternatives to the currently installed sewer line that could provide

 sewer service to Riley’s Pond. She points out that documents provided to the trial

 court by both parties demonstrate numerous alternatives to the sewer pipe currently

 running through her property. Based on the evidence of record, we vacate finding of

 fact 28 and the portion of conclusion of law 10 stating that there are no practical

 alternatives to the sewer line already installed on Ms. Rubin’s land.

¶ 33 Though we vacate portions of the preliminary injunction order, we ultimately

 leave it undisturbed in light of our holding that the Town’s request for a declaration

 resolving whether the pipe may be removed is not subject to dismissal. We must

 presume the preliminary injunction was proper, and Ms. Rubin bears the burden of

 showing error to rebut the presumption. Analog Devices, Inc., 157 N.C. App. at 465,

 579 S.E.2d at 452. Ms. Rubin has offered no argument against a likelihood of success

 on this claim beyond the res judicata and prior action pending arguments, which we

 have rejected, so she has not rebutted the presumption that the trial court correctly
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

 determined the Town was likely to succeed on this claim.6 We therefore affirm the

 remainder of the preliminary injunction order.

 III. CONCLUSION

¶ 34 For the foregoing reasons, we reverse the trial court’s denial of Ms. Rubin’s

 motion to dismiss as to declarations (1)-(7) sought by the Town in paragraph 27 of its

 amended complaint. We affirm the denial of Ms. Rubin’s motion as to declaration (8)

 requested by that same paragraph. As to the preliminary injunction order, we vacate

 findings of fact 9, 11, 14, 20, 21, and 28, as well as those portions of conclusions of law

 2 and 10 described above. We affirm the remainder of the preliminary injunction

 order and remand this action to the trial court for further proceedings not

 inconsistent with this opinion.

 REVERSED IN PART; VACATED IN PART; AFFIRMED IN PART AND

 REMANDED FOR FURTHER PROCEEDINGS.

 6 Our vacatur of the finding and conclusion that no alternatives to the current sewer

 pipe exist does not preclude affirmance of the preliminary injunction. The second
 prerequisite to a preliminary injunction—which is not argued by Ms. Rubin on appeal—is
 satisfied “if . . . , in the opinion of the Court, issuance is necessary for the protection of a
 plaintiff’s rights during the course of litigation.” Ridge Cmty. Inv’rs, Inc., 293 N.C. at 701,
 239 S.E.2d at 574. As set forth above, Ms. Rubin only challenges a likelihood of success on
 the merits and the specific factual determination that there were no alternatives to the
 existing sewer line; she levies no argument against the trial court’s conclusion that the
 preliminary injunction was necessary to protect the Town’s rights in the pipe pending
 litigation of the declaratory judgment action. Absent argument to that effect, Ms. Rubin has
 not rebutted the presumption that the trial court properly entered a preliminary injunction
 on that basis.
 TOWN OF APEX V. RUBIN

 2021-NCCOA-188

 Opinion of the Court

Judges DILLON and JACKSON concur.