GERALDINE C. FLYNT, BY HER NEXT FRIEND, J. C. BAREFOOT, JR., PLAINTIFF, v. WILBURN HAROLD FLYNT, DEFENDANT.

(Filed 20 May, 1953.)

**1. Judgments § 17b—**

An adjudication of the merits of the cause cannot be had until issues of law or of fact have been joined on the pleadings of the parties and the issues thus joined tried in the manner appointed by law, G.S. 1-171, G.S. 1-172, and an adjudication of the merits in favor of a defendant who has raised no issue is a nullity.

**2. Pleadings § 25—**

Defendant may raise an issue relating to the merits of the cause only by demurrer or answer. G.S. 1-124.

**3. Divorce and Alimony § 11—**

The ruling of the court upon hearing of a motion for alimony *pendente lite* can have no bearing on the merits, and cannot constitute *res judicata* of the cause of action for divorce.

**4. Judgments § 32—**

A judgment operates as an estoppel only as to the facts in issue as they existed at the time of its rendition, and does not prevent a re-examination of the same questions between the same parties upon a subsequent date when the facts have changed or new facts have occurred which alter the legal rights or relations of the parties.

**5. Divorce and Alimony § 11—**

Order denying alimony *pendente lite* on the ground that defendant was then providing plaintiff with adequate support and for that plaintiff had no legal capacity to sue because she had been adjudged mentally incompetent, does not preclude a motion for alimony *pendente lite* in a subsequent action instituted by plaintiff by a next friend, G.S. 1-64, if the fact of support has been altered in the meantime.

**6. Abatement and Revival § 6—**

When the pendency of a prior action between the parties on the same cause of action does not appear on the face of the complaint, the objection may not be taken by demurrer, and if defendant fails to raise the matter by answer it will be deemed waived. G.S. 1-127, G.S. 1-133, G.S. 1-134.

APPEAL by plaintiff from *Sink, J.,* in Chambers at Greensboro, North Carolina, 14 August, 1952.

These are the facts:

1. The plaintiff Geraldine C. Flynt is the wife of the defendant Wilburn Harold Flynt.

2. On 29 November, 1951, the plaintiff, suing without a guardian or next friend, brought a former action against the defendant in the Superior Court of Guilford County for permanent alimony without divorce under G.S. 50-16. The complaint set forth in detail several grounds for

the relief sought by the plaintiff. The defendant answered, denying the material averments of the complaint and pleading that the plaintiff was insane and consequently had not the legal capacity to sue.

3. The former action was heard by Judge George B. Patton at the April Term, 1952, of the Superior Court of Guilford County on the motion of the plaintiff for alimony pending the action and attorney fees. Judge Patton found as facts that the plaintiff was adjudged to be insane in a proceeding before the Clerk of the Superior Court of Guilford County on 1 March, 1949; that the plaintiff was detained in the State Hospital at Morganton as an insane patient from that time until 11 August, 1949, when she was released on probation and became a member of the household of her mother in San Antonio, Texas; that there has been no adjudication by the hospital authorities or the Clerk of the Superior Court of Guilford County at any time since 1 March, 1949, that the plaintiff has been restored to her sanity; and that "the defendant has been sending various sums of money from time to time to . . . (the) . . . mother of the plaintiff . . . for the support . . . of his said wife . . ." Judge Patton made these conclusions of law on his findings of fact: "The Court is of the opinion that the plaintiff is not entitled to maintain this action in her own name, and . . . even if she were, she is not entitled to alimony *pendente lite* and counsel fees under . . . Section 50-16 of the General Statutes." Judge Patton thereupon made this adjudication: "The motion of the plaintiff for alimony *pendente lite* and counsel fees . . . is hereby denied." The plaintiff did not perfect an appeal from Judge Patton's ruling. No other order has been entered in the former action.

4. Subsequent to these events, to wit, on 16 July, 1952, the plaintiff, suing by a next friend, J. C. Barefoot, Jr., brought this action against the defendant in the Superior Court of Guilford County for permanent alimony without divorce under G.S. 50-16. Barefoot was appointed next friend of the plaintiff, who has no general or testamentary guardian within the State, on the theory that the plaintiff "is . . . under a legal disability to maintain litigation in her own name" because she "was committed to the State Hospital at Morganton . . . by proceeding before the Clerk of the Superior Court of Guilford County on March 1, 1949," and "has not been restored to the rights of which she may have been deprived by said commitment."

5. The complaint in this case is virtually identical with the complaint in the former action. It contains 14 paragraphs, and does not refer in any way to the former action or to Judge Patton's ruling in it.

6. The defendant has not demurred to the complaint in this case or filed any answer to it.

7. The plaintiff applied to Judge Sink by a separate motion in the cause after notice to the defendant for an order awarding her alimony pending this action. The motion does not refer in any way to the former action or to Judge Patton's ruling in it.

8. The defendant responded to this motion with a paper writing entitled "defendant's motion and defendant's answer to plaintiff's motion." This writing contains three paragraphs, sets forth the facts respecting the former action and Judge Patton's ruling in it, concludes that the plaintiff cannot maintain this action because of the pendency of the former action and because Judge Patton's ruling in it constitutes *"res judicata* as between the parties to this action," and prays "that this action be dismissed for . . . the reasons set forth above."

9. When he heard the plaintiff's motion for alimony pending this action and the defendant's counter motion to dismiss this action, Judge Sink made findings of fact consonant with the matters stated above, and entered a final judgment dismissing this action on the specific ground that "the matters and things alleged in the complaint upon which this action is based were decided adversely to the plaintiff" by Judge Patton's ruling in the former action and that as a consequence "the matters and things alleged in the complaint in this action are *res judicata* as between the parties to this action."

10. The plaintiff excepted and appealed, assigning· the dismissal of this action as error.

*Rollins & Rollins for plaintiff, appellant.*
*No counsel contra.*

ERVIN, J. The Code of Civil Procedure provides, in substance, that no judge shall undertake to adjudicate a litigated cause on its merits until issues of law or fact have been joined on the pleadings of the parties and the issues thus joined have been tried in the manner appointed by law. G.S. 1-171; G.S. 1-172; *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384. The Code specifies, moreover, that the only pleading by which the defendant can raise an issue relating to the merits of a litigated cause is either a demurrer or an answer. G.S. 1-124.

These fundamental provisions of the Code were set at naught in this action in the court below. The defendant did not challenge the legal sufficiency of the complaint by a demurrer. He did not controvert the factual validity of the complaint by an answer. For these reasons, no issue of any character pertaining to the merits of the plaintiff's claim for permanent alimony was before the court for decision on the hearing of this action. The court nevertheless proceeded to render a final judgment for the defendant on the merits of the cause.

In so doing, the court did more than transgress the limits of its judicial powers. It reached an erroneous conclusion respecting the legal effect of Judge Patton's ruling in the former action. Judge Patton merely passed upon the motion of the plaintiff for alimony pending the former action and counsel fees in it. The ruling in the former action has no bearing whatever on the merits of the present action for the very simple reason that the plaintiff's demand for permanent alimony was not involved in any way in the matter there heard and decided. *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53; *Briggs v. Briggs,* 234 N.C. 450, 67 S.E. 2d 349.

Indeed, the order of Judge Patton denying the plaintiff alimony pending the former action does not necessarily even foreclose the motion of the plaintiff for alimony pending the present action. It is well settled that "the estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a re-examination of the same questions between the same parties when in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants." 50 C.J.S., Judgments, section 712 b.

Judge Patton denied the motion of the plaintiff for alimony pending the former action on this twofold ground: (1) That the plaintiff lacked the legal capacity to prosecute the former action in her own name because of her adjudged mental disability; and (2) that the plaintiff was not entitled to an award of alimony pending the former action at the time of the motion because the defendant was then providing her with adequate support through remittances to her mother. The present action is not subject to the first of these objections for the plaintiff appears in it by a next friend. G.S. 1-64. A judicial adjudication that a husband was supporting his wife in April does not conclusively establish that he was doing likewise in August.

We note, in closing, that the defendant does not seek the abatement of the present action in the mode prescribed by law on the ground that the former action has not been dismissed and that in consequence "there is another action pending between the same parties for the same cause." *McDowell v. Blythe Bros.,* 236 N.C. 396, 72 S.E. 2d 860. The defendant cannot raise this objection by demurrer because the pendency of the former action does not appear on the face of the complaint. G.S. 1-127. In consequence, he will waive the objection unless he takes it by answer. G.S. 1-133; G.S. 1-134. The plaintiff may forestall all controversy on this score by causing the prior action to be dismissed on a voluntary nonsuit. *Allen v. McDowell,* 236 N.C. 373, 72 S.E. 2d 746.

The judgment is

Reversed.