HUNTER DOUGLAS INC., Plaintiff,

v.

SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 159, Defendant.

No. C–82–180–D.

United States District Court,
M.D. North Carolina,
Durham Division.

Dec. 21, 1982.

---

7. *St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co.*, 201 U.S. 173, 182, 26 S.Ct. 400, 403, 50 L.Ed. 712 (1906).

Robert A. Valois, Raleigh, N.C., for plaintiff.

Judith E. Kincaid, Raleigh, N.C., for defendant.

## MEMORANDUM OPINION

ERWIN, District Judge.

Plaintiff brought this action on January 21, 1982 in the Superior Court, Person County, North Carolina, seeking a declaratory judgment that defendant is barred by *res judicata* and/or collateral estoppel from arbitrating a particular grievance under a collective bargaining agreement which has been in effect between plaintiff and defendant at all times relevant to this cause of action. The grievance concerns the administration of polygraph tests to employees at plaintiff's plant in Roxboro, North Carolina.

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant removed this action to this court on February 8, 1982, and plaintiff's subsequent motion to remand was denied on May 19, 1982. This court ruled that this was an action over which federal district courts have original jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

On February 10, 1982, defendant filed its answer and a counterclaim under § 301 of the Labor Management Relations Act seeking an order that plaintiff submit to binding arbitration of the polygraph grievance.

On June 1, 1982, plaintiff filed a motion for summary judgment, and defendant likewise filed a motion for summary judgment on its counterclaim on June 24, 1982. These motions came on for hearing before this court on September 29, 1982.

*Plaintiff's Motion for Summary Judgment*

The basis of plaintiff's motion is that there is no material issue of fact in dispute between the parties and that the sole issue before the court in this action is an issue of law: whether arbitration of the polygraph grievance is barred by either *res judicata* or collateral estoppel. Plaintiff argues that the polygraph grievance is barred from arbitration by both of these doctrines.

Plaintiff's contentions stem from the undisputed fact that defendant and others filed a state court action against plaintiff on September 11, 1981 seeking an order enjoining plaintiff from administering polygraph tests to employees at its Roxboro plant; that as a result of a hearing on defendant's motion for an injunction in that action, a state court judge dismissed the action entirely, basing his ruling on his determination that the collective bargaining agreement between the parties permits plaintiff to administer polygraph tests; and that the state court judge's order was not appealed. Plaintiff argues that the determination by the state court judge that polygraphing is permissible under the collective bargaining agreement bars any further litigation or arbitration of the issue.

Defendant, on the other hand, points out that in the prior state court action, it sought to enforce the contract between the parties by injunctive relief pending arbitration of the polygraph grievance. As stated in its state court complaint, defendant sought an injunction against polygraphing because injunctive relief was necessary "to preserve the arbitral process itself." Defendant argues in response to plaintiff's motion that the necessary prerequisites to judicial application of the doctrine of *res judicata* and collateral estoppel as set forth in *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979), are not present here, and, therefore, neither of these doctrines operates to bar arbitration of the polygraph grievance.

This court agrees with defendant. An essential prerequisite to operation of either of the two aforementioned legal doctrines is that the right, question, or fact determined in the prior proceeding has been "distinctly put in issue" in that proceeding. *Montana,* 440 U.S. at 153, 99 S.Ct. at 973. Furthermore, in order for collateral estoppel to operate as a bar to further litigation, the issue must have been "necessarily determined" in the prior proceeding. 440 U.S. at 153, 99 S.Ct. at 973.

The cause here at issue came on for hearing before the Honorable Robert H. Hobgood, Superior Court Judge, Person County, North Carolina, on September 21, 1981. At the hearing, the court made the following opening statement: "The next matter is a matter for *preliminary injunction hearing* arising out of a Person County case." (Transcript, p. 4, emphasis supplied.) The transcript of the hearing reflects that neither defendant nor plaintiff argued that the court should enter a ruling on whether the collective bargaining agreement allowed polygraphing of employees.

Counsel for both parties argued that a demand for arbitration had been filed by the defendant pursuant to the collective bargaining agreement and that the contract violation issue would be decided by an arbitrator. At issue at the preliminary injunction hearing was only whether polygraph-

ing should be enjoined pending arbitration. Since the contract violation was not put at issue in the state court hearing and was certainly not necessary to the court's ruling on the preliminary injunction motion, the court's ruling on this issue does not operate to bar further litigation or arbitration under either the doctrine of *res judicata* or collateral estoppel.

Furthermore, another essential prerequisite to the operation of either judicial doctrine is that the parties have had a "full and fair opportunity to litigate" the issue in the prior proceeding. *Montana,* 440 U.S. at 153, 99 S.Ct. at 973. This was not the case in the prior proceeding here at issue. The defendant in that action (the plaintiff here) had filed neither an answer, a motion to dismiss, nor a motion for summary judgment at the time the state court judge dismissed the action. The ultimate issues were therefore not yet framed for the court.[1] Moreover, a preliminary injunction hearing is not considered a full and fair opportunity to litigate an ultimate issue, even if it results in findings of fact and conclusions of law. Courts have held that generally findings of fact and conclusions of law reached as a result of preliminary injunction hearings are not *res judicata* on the merits of the underlying claim. *See, e.g., University of Texas v. Camenisch,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); *NLRB v. Denver Bldg. & Constr. Trades Council,* 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284 (1951).

Finally, it is well established federal policy to strongly encourage labor arbitration and give effect to agreements to arbitrate labor disputes. *United Steelworkers v. Warrior & Gulf Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). A corollary of this policy is that courts should not intrude into disputes over arbitrable issues unless intrusion by injunction is necessary to protect the arbitral process itself. *Columbia Local, APWU v. Bolger,* 621 F.2d 615, 617

(4th Cir.1980). Therefore, to give *res judicata* or collateral estoppel effect to the judgment of the state court in the prior proceeding here at issue would not only serve none of the purposes of these two judicial doctrines, but would be in violation of the explicit federal policy in favor of labor arbitration.

For the foregoing reasons, plaintiff's motion for summary judgment is denied.

### Defendant's Motion for Summary Judgment

Based on defendant's motion for summary judgment and plaintiff's response thereto, it appears to this court that there is no genuine issue as to the following material facts:

1. Defendant is a labor organization, and plaintiff is an employer in an industry affecting commerce as defined by Sections 2(5) and 2(6) of the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*

2. The plaintiff and defendant are contracting parties to a collective bargaining agreement which covers the period January 3, 1980 to January 3, 1983. This agreement contains a mandatory arbitration clause which provides that if a grievance is not resolved by the parties at the third step of the grievance procedure, then either party may, as long as it gives notice to the other party within fifteen days of the third step grievance answer, submit the dispute to arbitration which will be final and binding on both parties.

Pursuant to the collective bargaining agreement, defendant filed a grievance arguing that administering polygraph tests to employees at the Roxboro plant was a violation of the agreement. This grievance was not resolved at the third step of the grievance procedure, and within the required fifteen days, defendant notified plaintiff that it was submitting the grievance to binding arbitration.

---

1. Under North Carolina law, a final judgment rendered prior to the time the issues of law or fact have been joined on the pleadings is beyond the authority of the judge and therefore has no *res judicata* effect. *Flynt v. Flynt,* 237 N.C. 754, 75 S.E.2d 901 (1953); *Grantham v. Nunn,* 188 N.C. 239, 124 S.E. 309 (1924).

**328**

This court has jurisdiction to compel a party to a collective bargaining agreement to arbitrate a grieved issue pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In *United Steelworkers,* the Supreme Court stated that "Congress ... has by § 301 of the Labor Management Relations Act, assigned the courts the duty of determining whether the reluctant party breached his promise to arbitrate." 363 U.S. at 582, 80 S.Ct. at 1353.

As stated above, this court had determined that arbitration of the polygraph dispute is not barred by either *res judicata* or collateral estoppel. Since all prerequisites to binding arbitration pursuant to the collective bargaining agreement have been met, plaintiff has breached its promise to arbitrate. Therefore, this court is granting defendant's motion for summary judgment and is ordering that plaintiff submit to binding arbitration of the issue of whether the giving of polygraph tests at its Roxboro plant violates the collective bargaining agreement.

### *Defendant's Motion for Award of Attorney's Fees*

The defendant moved this court to award its attorney's fees pursuant to the court's equity power. *See, e.g., United Auto Workers v. American Brake Shoe Co.,* 298 F.2d 212, 216 (4th Cir.1962). The defendant contends that attorney's fees should be awarded because the plaintiff in bad faith refused to be bound by the arbitration provisions of the collective bargaining agreement.

The court disagrees with the defendant. The plaintiff's position was highly tenable, and, thus, not maintained in bad faith. Therefore, this court is denying defendant's motion for award of attorney's fees.

For the reasons stated above, the court denies plaintiff's motion for summary judgment, grants defendant's motion for summary judgment, and denies defendant's motion for attorney's fees.