CITY OF CHARLOTTE, A MUNICIPAL CORPORATION v. ALBERT S. ROUSSO AND WIFE, DORIS H. ROUSSO; AND BROWNLEE JEWELERS, INC., LESSEE

No. 8626SC160

(Filed 19 August 1986)

**Eminent Domain § 3— taking of lot for park—valid**

An order permitting the City of Charlotte to condemn defendants' lot for a public park was valid where an earlier judgment for defendants was not *res judicata* because that judgment was based on a resolution that some of the land be leased to private retail businesses and that portion of the resolution had been rescinded; the City was not required to adopt a specific design for the park; and there was no abuse of discretion by the City in refusing to accept defendants' settlement offer. N.C.G.S. § 40A-3(b)(3).

APPEAL by defendants from *Snepp, Judge.* Order entered 13 September 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 June 1986.

*Deputy City Attorney H. Michael Boyd for plaintiff appellee.*

*Levine and Levine, by Sol Levine and Miles S. Levine, for defendant appellants.*

PHILLIPS, Judge.

The order appealed from permits plaintiff City to condemn defendants' lot situated on South Tryon Street in downtown Charlotte for a public park. In disputing the validity of the order the defendants make three contentions, all of which are manifestly without merit, and we overrule them.

Their first contention is that this suit is barred under *res judicata* by a judgment which dismissed a prior suit by plaintiff to condemn the same land; but this case is not based upon the same

facts as the prior case and *res judicata* does not apply. *Flynt v. Flynt*, 237 N.C. 754, 75 S.E. 2d 901 (1953). The first proceeding was based upon a plan to lease some of the condemned land "to private parties for use in retail business," which, of course, is not a public purpose, as Judge Snepp correctly held in dismissing the action. The basis for this case is different. After the prior action was dismissed the City's governing body rescinded the resolution that it was based upon and adopted a new condemnation resolution that is free of the illegal taint that caused the earlier case to fail. A judgment, even though in an action between the same parties, operates as an estoppel only as to the facts in existence when the judgment was rendered; it does not bar a re-litigation of the same issue when new facts occur that alter the legal rights of the parties in regard to the issue. *Flynt v. Flynt, supra.* Thus, the judgment in the former action bars the plaintiff City only from condemning defendants' land for commercial or business purposes, which the law does not authorize; it does not bar it from condemning the land for the sole purpose of using it as a public park, which the law does authorize.

Defendants' second contention is that the court's finding and holding that the condemnation is for a public purpose is erroneous because the plaintiff has not yet adopted a specific design for the proposed park. No authority for this argument is cited and we can imagine none, since it would be folly to require a city to design a public facility authorized by resolution before the land for the facility is acquired. In any event, neither G.S. 40A-3(b)(3), which vests municipalities with the power of eminent domain to establish, enlarge, or improve parks, playgrounds and other recreational facilities, nor G.S. 160A-353, of similar import, nor any other statute, so far as we can determine, contains any such requirement. Clearly, the defendants' land is being taken for a public purpose, as the court found, and no other finding was necessary. *Redevelopment Commission of Greensboro v. Hagins*, 258 N.C. 220, 128 S.E. 2d 391 (1962).

Defendants' final contention is that the City acted "arbitrarily and capriciously" in refusing to accept a settlement offer they made which, among other things, involved leaving their land out of the proposed park and permitting them to remodel and maintain the building on it as a National Historical building. A condemner of land has very broad discretion, *Jeffress v. Greenville*,

154 N.C. 490, 70 S.E. 919 (1911), and the record contains no suggestion that the plaintiff abused it by adopting and following its own plan rather than that of the defendants.

Affirmed.

Judges WHICHARD and MARTIN concur.