IN THE COURT OF APEALS OF NORTH CAROLINA

2021-NCCOA-188

No. COA20-305

Filed 4 May 2021

Wake County, No. 19-CVS-6295

TOWN OF APEX, Plaintiff,

v.

BEVERLY L. RUBIN, Defendant.

Appeal by Defendant from orders entered 21 January 2020 by Judge G. Brian Collins in Wake County Superior Court. Heard in the Court of Appeals 24 February 2021.

*Nexen Pruet, PLLC, by David P. Ferrell and Norman W. Shearin, for Plaintiff-Appellee.*

*Fox Rothschild LLP, by Matthew Nis Leerberg and Troy D. Shelton, and Howard, Stallings, From, Atkins, Angell & Davis, P.A., by Kenneth C. Haywood and B. Joan Davis, for Defendant-Appellant.*

*Johnston, Allison & Hord, P.A., by R. Susanne Todd and Maisha M. Blakeney, and Sever Storey, LLP, by Shiloh Daum, for amicus curiae North Carolina Advocates for Justice.*

*John Locke Foundation, by Jonathan D. Guze, amicus curiae.*

INMAN, Judge.

¶ 1    This appeal arises from the same underlying facts at issue in *Town of Apex v. Rubin*, COA20-304, ___ N.C. App. ___, 2021-NCCOA-___ (filed 4 May 2021)

(hereinafter "*Apex v. Rubin I*"), filed concurrently with this opinion. In that action, as here, Plaintiff-Appellee Town of Apex ("the Town") asserts title to a sewer line installed on Defendant-Appellant Beverly L. Rubin's ("Ms. Rubin") land for a non-public purpose, in excess of the Town's eminent domain powers, and in violation of Ms. Rubin's constitutional rights. Both cases involve the same facts and some of the same legal issues. *Apex v. Rubin I* arises from post-judgment orders in a direct condemnation action. This appeal arises from interlocutory orders in a separate declaratory judgment action filed by the Town to settle the parties' rights in the sewer line and prohibit Ms. Rubin from disturbing it after the Town's condemnation action was dismissed.

¶ 2        Ms. Rubin appeals from interlocutory orders denying her motion to dismiss the Town's declaratory judgment complaint and granting the Town's motion for a preliminary injunction. After careful review, we reverse in part and affirm in part the trial court's denial of Ms. Rubin's motion to dismiss. We vacate in part and affirm in part the preliminary injunction.

## I.        **FACTUAL AND PROCEDURAL HISTORY**

¶ 3        Many of the facts underlying this appeal are discussed in *Apex v. Rubin I*. But because this appeal arises out of a separate action with its own unique procedural history, we will summarize facts pertinent to the issues before us here.

> 1. *The Direct Condemnation Action, Appeal, Post-Judgment Motions, and The Town's Response*

¶ 4     In 2015, the Town filed a direct condemnation action and, under its statutory "quick take" powers, assumed title to a sewer easement across Ms. Rubin's property to connect a private residential development called Riley's Pond to the Town's sewer service. Ms. Rubin contested the direct condemnation action as for a non-public purpose but did not counterclaim for or otherwise pursue injunctive relief. While the direct condemnation was pending, the Town installed its sewer pipe on Ms. Rubin's property.

¶ 5     The trial court ultimately ruled in favor of Ms. Rubin, declared the taking was for an impermissible non-public purpose, and entered a judgment dismissing the Town's direct condemnation action in October 2016 ("the Judgment"). The Judgment was left undisturbed following a series of post-judgment motions and appeals by the Town. *Town of Apex v. Rubin*, 262 N.C. App. 148, 153, 821 S.E.2d 613, 616-17 (2018), *temp. stay dissolved, disc. rev. denied*, 372 N.C. 107, 825 S.E.2d 253 (2019).

¶ 6     Having prevailed in the direct condemnation action, Ms. Rubin asked the Town to remove the sewer line. The Town refused, leading Ms. Rubin to file a combined motion to enforce the Judgment and petition for writ of mandamus to compel the Town to remove the sewer pipe.

¶ 7        The Town responded to Ms. Rubin's motion in two ways.  First, in the direct condemnation action, it filed a motion for relief on the basis that the Judgment voided the action *ab initio*, extinguished the trial court's jurisdiction, and rendered the installation of the sewer line a separate inverse condemnation.  Second, the Town filed a new declaratory judgment lawsuit—the subject of this appeal—seeking to declare the sewer pipe installation an easement by inverse condemnation, limit Ms. Rubin's relief to that singular remedy, and enjoin her from removing the sewer line.

   *2. The Declaratory Judgment Complaint and Ms. Rubin's Motion to Dismiss*

¶ 8        The facts alleged in the Town's declaratory judgment complaint largely restate the procedural history of the direct condemnation action through the filing of Ms. Rubin's post-judgment motions.  Based on those facts, the Town asserts it is entitled to judgment declaring:

> (1) . . . that the installation of the sewer line on 27 July 2015 was an inverse taking, (2) that inverse condemnation is Rubin's sole remedy for the installation of the sewer pipe on her property, (3) that the remedy of inverse condemnation is time barred, (4) that given the Town's limited waiver of its defense of the statute of limitations, Rubin is entitled to a jury trial on the issue of the amount of compensation due for the inverse taking described in this complaint, (5) that . . . relief be granted to order a jury trial to be held on the issue of the amount of compensation due for the inverse taking described in this complaint, (6) that . . . relief be granted to order the amount deposited by the Town that is being held by the Clerk of Superior Court for the benefit of Rubin be deemed to be the Town's deposit of its estimate of just compensation for the inverse taking

described in this complaint, (7) that the judgment is *res judicata* as to any claims by Rubin for injunctive relief or an extraordinary writ, and/or should not be applied prospectively . . . , and (8) [that] the doctrines of laches, economic waste, and other similar equitable doctrines bar Defendant from causing the removal of the sewer pipe.

¶ 9    Ms. Rubin filed a motion to dismiss the Town's complaint under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, arguing that the complaint was barred by *res judicata* and the prior action pending doctrine based on the Judgment and her then-unresolved post-judgment motions.

### 3. The Orders Denying Ms. Rubin's Motion to Dismiss and Entering a Preliminary Injunction

¶ 10    The trial court heard motions in both the direct condemnation action and the declaratory judgment action jointly and ruled for the Town in each. In the direct condemnation action, the trial court denied Ms. Rubin's motion to enforce the Judgment, denied Ms. Rubin's petition for writ of mandamus, and granted the Town's motion for relief from the Judgment. We review those rulings in *Apex v. Rubin I*. In the declaratory judgment action, the trial court denied Ms. Rubin's motion to dismiss and entered a preliminary injunction prohibiting Ms. Rubin from disturbing the sewer line. This decision addresses only the declaratory judgment action.[1]

---

[1] The direct condemnation action is discussed in greater detail in *Apex v. Rubin I*. To the extent we discuss the contents of the record of *Apex v. Rubin I*, we take judicial notice of those documents. *See West v. G.D. Reddick, Inc.*, 302 N.C. 201, 202, 274 S.E.2d 221, 223

¶ 11    The trial court's order denying Ms. Rubin's motion to dismiss, consistent with ordinary practice, contains no findings of fact or conclusions of law, and simply denies dismissal on the two grounds asserted by Ms. Rubin.  In its preliminary injunction order, the trial court made findings of fact and conclusions of law establishing: (1) a dispute existed between the parties as to whether Ms. Rubin could disturb, destroy, or compel the Town to remove the sewer line; (2) an inverse condemnation had occurred as a result of the Town's installation of the sewer line and the subsequent dismissal of the direct condemnation action; (3) Ms. Rubin's sole remedy was an inverse condemnation claim; (4) removal of the sewer line would cause irreparable harm to the Town and the lots and/or homes served in Riley's Pond; (5) an injunction was necessary to protect the Town's rights and preserve the status quo during the course of litigation; (6) there are no practical alternatives available to the Town to serve Riley's Pond; and (7) the Town is likely to succeed on the merits of its claims for declaratory and injunctive relief.

¶ 12    Ms. Rubin noticed an appeal from both orders.  The Town filed a motion to dismiss Ms. Rubin's appeal with this Court on 19 May 2020 on the ground that the orders below are interlocutory and do not affect a substantial right.  Ms. Rubin then

---

(1981) ("[A] court may take judicial notice of its own records in another interrelated proceeding where the parties are the same, the issues are the same and the interrelated case is referred to in the case under consideration.").

filed a conditional petition for writ of certiorari requesting review should this Court grant the Town's motion to dismiss.

## II. ANALYSIS

¶ 13    Ms. Rubin broadly argues, as she does in *Apex v. Rubin I*, that the trial court's orders in this case stem from the erroneous conclusions that: (1) the Judgment does not grant her a right to mandatory injunctive relief to remove the pipe; and (2) the Town's installation of the pipe during the pendency of the direct condemnation action, absent any effort by Ms. Rubin to enjoin that installation, vested the Town with title to a sewer easement by inverse condemnation. Because those issues are necessary to the resolution of *Apex v. Rubin I*, she contends the Town's declaratory judgment action, and by extension its request for a preliminary injunction, are barred by *res judicata* and the prior action pending doctrine.

### 1. Appellate Jurisdiction

¶ 14    We first resolve the question of appellate jurisdiction. Both parties agree that Ms. Rubin seeks to appeal two interlocutory orders, and that such orders are not subject to immediate appellate review unless they affect a substantial right. N.C. Gen. Stat. § 7A-27(b)(3)(a) (2019). As explained below, we conclude both orders affect a substantial right.

¶ 15    Interlocutory orders rejecting a *res judicata* defense may affect a substantial right when " '(1) the same factual issues would be present in both trials and (2) the

possibility of inconsistent verdicts on those issues exists.' " *Whitehurst Inv. Props, LLC .v NewBridge Bank*, 237 N.C. App. 92, 96, 764 S.E.2d 487, 490 (2014) (quoting *Heritage Operating, L.P. v. N.C. Propane Exch., LLC*, 219 N.C. App. 623, 628, 727 S.E.2d 311, 315 (2012)).

¶ 16        Both prongs are satisfied here. *Apex v. Rubin I* and the declaratory judgment action arise out of the same factual issues. In *Apex v. Rubin I*, the Town sought relief from the Judgment by asserting that: (1) the installation of the sewer pipe and dismissal of the direct condemnation action gave it title by inverse condemnation; and (2) Ms. Rubin's sole remedy is monetary compensation for the inverse condemnation. Here, the Town alleges ownership of a sewer easement based on these same facts under the same legal theory, and again asserts Ms. Rubin can only receive monetary compensation for the taking in an amount determined by a jury. Given our holding in *Apex v. Rubin I* that the Town does not have title to any sewer easement across Ms. Rubin's land under any condemnation theory, that she cannot be compelled to accept monetary compensation for the violation of her constitutional rights, and that she may seek mandatory injunctive relief through a separate trespass claim for the Town's unlawful presence, the declaratory judgment action presents a possibility of inconsistent verdicts on the question of the Town's ownership of a sewer easement and, by extension, the remedy available to Ms. Rubin for the taking.

¶ 17        The trial court's orders denying Ms. Rubin's motion, based on *res judicata*, to dismiss the Town's declaratory judgment action and granting the Town's motion for preliminary injunction entered conclude—contrary to our holdings in *Apex v. Rubin I*—that the Town has title to a sewer easement by inverse condemnation and Ms. Rubin's sole remedy is monetary compensation.  These orders thus affect a substantial right and we deny the Town's motion to dismiss this appeal.

¶ 18        Even assuming, *arguendo*, that the trial court's orders do not affect a substantial right, Ms. Rubin's petition for writ of certiorari is appropriate to "serve the expeditious administration of justice or some other exigent purpose."  *Stanback v. Stanback*, 287 N.C. 448, 453, 215 S.E.2d 30, 34 (1975).  The interests of judicial economy are implicated and may be well served by certiorari review of interlocutory orders when they are "interrelated [in] nature" to other issues on appeal as a matter of right.  *Jessee v. Jessee*, 212 N.C. App. 426, 431, 713 S.E.2d 28, 33 (2011).  *See also Radcliffe v, Avenel Homeowners Ass'n*, 248 N.C. App. 541, 551, 789 S.E.2d 893, 901-02 (2016) (granting certiorari review of interlocutory orders when they "factually overlapp[ed]" with other issues on review).  Our resolution of *Apex v. Rubin I* necessarily impacts the claims and defenses available to the parties in the declaratory judgment action, and, given this overlap, the interests of judicial economy are served

by immediate review of the interlocutory orders at issue here.[2] As a result, and even absent a substantial right, we would grant Ms. Rubin's petition for certiorari review of the trial court's denial of her motion to dismiss and its preliminary injunction order.

## 2. *Standards of Review*

We review a denial of a motion to dismiss under Rule 12(b)(6) *de novo*. *Green v. Kearney*, 203 N.C. App. 260, 266, 690 S.E.2d 755, 761 (2010). In undertaking this review, "[w]e consider the allegations in the complaint true, construe the complaint liberally, and only reverse the trial court's denial of a motion to dismiss if plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim." *Christmas v. Cabarrus Cty.*, 192 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (citation omitted). A 12(b)(6) motion:

> is seldom an appropriate pleading in actions for declaratory judgments, and will not be allowed simply because the plaintiff may not be able to prevail. It is allowed only when the record clearly shows that there is no basis for declaratory relief as when the complaint does not allege an actual, genuine existing controversy.

*N.C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 439, 206 S.E.2d 178, 182 (1974) (citations omitted).

---

[2] The Town did not oppose Ms. Rubin's petition for certiorari review and conceded at oral argument that this appeal overlaps with *Apex v. Rubin I.*

¶ 20 Review of an order granting a preliminary injunction is also "essentially *de novo*." *Robins & Weill, Inc. v. Mason*, 70 N.C. App. 537, 540, 320 S.E.2d 693, 696 (1984). This extends to findings of fact made by the trial court, as "an appellate court is not bound by the findings [in the preliminary injunction order], but may review and weigh the evidence and find facts for itself." *A.E.P. Indus., Inc. v. McClure*, 308 N.C. 393, 402, 302 S.E.2d 754, 760 (1983) (citations omitted). Even so, "a trial court's ruling on a motion for a preliminary injunction is presumed to be correct, and the party challenging the ruling bears the burden of showing it was erroneous." *Analog Devices, Inc. v. Michalski*, 157 N.C. App. 462, 465, 579 S.E.2d 449, 452 (2003) (citation omitted). A preliminary injunction is only available:

> (1) if a plaintiff is able to show likelihood of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.

*Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977) (citations omitted).

### 3. Res Judicata Precludes Relitigation of Title to the Sewer Easement

¶ 21 Ms. Rubin argues that the Judgment in *Apex v. Rubin I* and *res judicata* bars the Town "from relitigating whether the Town has a claim to an easement on Ms. Rubin's property." We agree.

¶ 22    "Generally, in order that the judgment in a former action may be held to constitute an estoppel as res judicata in a subsequent action there must be identity of parties, of subject matter and of issues." *Carolina Power & Light Co. v. Merrimack Mut. Fire Ins. Co.*, 238 N.C. 679, 691, 79 S.E.2d 167, 175 (1953). All three requirements are met here. The parties are the same. The subject matter, namely, a sewer easement across Ms. Rubin's land to serve Riley's Pond, is the same. And the issues—whether the Town can compel Ms. Rubin to surrender title to such an easement in exchange for compensation—are the same. In fact, despite now claiming *Apex v. Rubin I* did not involve the same facts or issues, the Town moved for—and received—relief from the Judgment on the basis that "[t]he sewer easement is the subject of the captioned [direct] condemnation . . . [and] [t]he inverse condemnation of the sewer easement . . . transferred title to the easement to the Town." And though the Town now argues *res judicata* should not apply because the Judgment in *Apex v. Rubin I* did not specifically address a taking by inverse condemnation, a party cannot escape the doctrine's application merely by swapping theories of recovery. *See, e.g., Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 30, 331 S.E.2d 726, 735 (1985) ("The defense of res judicata may not be avoided by shifting legal theories or asserting a different ground for relief." (citations omitted)).

¶ 23    As we held in *Apex v. Rubin I*, binding precedents preclude us from holding that the Town took title to a sewer easement by inverse condemnation across Ms.

Rubin's land by virtue of its " [']precipitate entry and construction' " during the pendency of the direct condemnation action and in the face of Ms. Rubin's defense that the taking was for a non-public purpose. *Apex v. Rubin I*, ___ N.C. App. at ___, 2021-NCCOA-___, ¶ 23 (quoting *State Highway Comm'n v. Thornton*, 271 N.C. 227, 237, 156 S.E.2d 248, 256 (1967)). *See also Town of Midland v. Morris*, 209 N.C. App. 208, 214, 704 S.E.2d 329, 335 (2011) (holding a "city [cannot] obtain permanent title to the land by fulfilling the purpose of a condemnation before final judgment"). The Judgment in Apex v. Rubin I, involving the same parties, subject matter, and issues, was therefore res judicata as to any claim by the Town that the completion of the sewer pipe during the direct condemnation action vested it with title to a sewer easement.3 We reverse the denial of Ms. Rubin's motion to dismiss as it pertains to this claim.

¶ 24        We are unpersuaded by the Town's argument that our decision in *City of Charlotte v. Rousso*, 82 N.C. App. 588, 346 S.E.2d 693 (1986), supports a determination that *res judicata* does not apply here. In *Rousso*, the City of Charlotte

---

3 The Town, as it did in *Apex v. Rubin I*, relies on *Wilkie v. City of Boiling Spring Lakes*, 370 N.C. 540, 809 S.E.2d 853 (2018), for the proposition that it can claim title to the easement by inverse condemnation irrespective of the Judgment in the direct condemnation action. We find *Wilkie* inapplicable here for all the reasons stated in *Apex v. Rubin I*. ___ N.C. App. at ___, 2021-NCCOA-___, ¶ 26. *Wilkie* did not involve the doctrine of *res judicata* or the issue of whether a condemnor can swap its legal theory of ownership from direct condemnation to inverse condemnation when an action under the former fails.

filed a direct condemnation action to convert a landowner's lot into retail space for rent by private enterprises. *Id.* at 589, 346 S.E.2d at 694. When that direct condemnation action was dismissed as for a non-public purpose, Charlotte filed a new direct condemnation action seeking to take the same lot for a public park. *Id.* We held that the new condemnation action was not barred by *res judicata* because the change in purpose meant it was "not based upon the same facts as the prior case . . . [and] [wa]s free of the illegal taint that caused the earlier case to fail." *Id.*

¶ 25      We are not persuaded that this Court's decision in *Rousso* supports the Town's position here. The condemnor in *Russo* fundamentally changed its purpose for taking the landowner's property—from use for retail space to use for a public park—before bringing its second condemnation action. No such change has occurred here, as the Town has simply changed its legal theory to take a sewer easement across Ms. Rubin's land to serve Riley's Pond. Further, unlike the condemnor in *Rousso*, the Town has not filed a second direct condemnation action, but instead claims title through inverse condemnation by dint of the sewer pipe it *installed for a non-public purpose in the failed direct condemnation action*. Nothing has rendered the Town's actions "free of the illegal taint that caused the earlier case to fail," *Rousso*, 82 N.C. App. at 589, 346 S.E.2d at 694, so *res judicata* applies.

   4. *Res Judicata Bars the Town's Claims that Inverse Condemnation Is Ms. Rubin's Sole Remedy, Compensation Is Her Sole Relief, and Mandatory Injunctive Relief is Unavailable*

¶ 26      We likewise conclude that our holding in *Apex v. Rubin I* and *res judicata* bar a declaratory judgment limiting Ms. Rubin's remedy to compensation pursuant to an inverse condemnation claim.  In *Apex v. Rubin I*, the Town moved for relief from the Judgment on the ground, among others, that inverse condemnation is the only cause of action available to Ms. Rubin, that "[t]he exclusive remedy to which [Ms.] Rubin is entitled for inverse condemnation is compensation," and that "the Town . . . [is] insulate[d] from [Ms.] Rubin's claim that she is entitled to mandatory injunctive relief."  The trial court then entered orders agreeing with those arguments.  Despite requesting and receiving an order relieving it from the Judgment on those bases in the direct condemnation action, the Town nonetheless sought and obtained an identical determination in its declaratory judgment action.  Because these claims for declaratory relief involve the same parties, the same subject matter, and the same issues as those raised and determined in *Apex v. Rubin I*, our holding therein that Ms. Rubin cannot be compelled to accept compensation and may instead elect to pursue mandatory injunctive relief through a trespass claim bars relitigation of these questions by the Town in its declaratory judgment action.  *Apex v. Rubin I*, ___ N.C. App. at ___, 2021-NCCOA-___, ¶ 42.

     5.  *The Town's Remaining Claims Are Not Barred*

¶ 27      The Town's declaratory judgment action seeks resolution of other claims that

we conclude are not barred, because they were not addressed in the Judgment. Specifically, the complaint alleges the Town's ownership of the pipe itself, asserts "[a] genuine controversy exists between the Town and [Ms.] Rubin as to their rights and duties regarding the underground sewer line," requests a permanent injunction "enjoining [Ms.] Rubin . . . from removing or disturbing the sewer line," and seeks a declaration that "the doctrines of laches, economic waste, and other similar equitable doctrines bar [Ms. Rubin] from causing the removal of the sewer pipe." The question raised by these claims—what is to be done with the Town's encroaching pipe following the Judgment now that fee simple title in the land reverted back to Ms. Rubin—was not raised by Ms. Rubin or addressed by the Judgment in *Apex v. Rubin I*. As our opinion explains:

> [T]he Judgment reverted title to Ms. Rubin in fee, restoring to her exclusive rights in the tract and divesting the Town of any legal title or lawful claim to encroach on it.
>
> But because Ms. Rubin did not seek mandatory injunctive relief in the direct condemnation action, she is not entitled to that remedy by the plain language of the Judgment. . . . The trial court . . . rendered its Judgment declaring null and void both the direct condemnation action and the Town's "quick take" title to the easement. The Judgment, given the issues raised before the trial court, did nothing more than that.

*Apex v. Rubin I*, ___ N.C. App. at ___, 2021-NCCOA-___, ¶¶ 32-33 (citations omitted).

*Thornton*, discussed at length in *Apex v. Rubin I*, likewise suggests that

dismissal of a direct condemnation action does not serve to fully and finally adjudicate what relief is available against parties who continue to occupy the land when the landowner did not seek an injunction during condemnation. In such a circumstance, the prevailing landowners "are entitled to have [the direct condemnation] proceeding dismissed, *leaving them to whatever rights they may have against those who have trespassed upon their land and propose to continue to do so.*" *Thornton*, 271 N.C. at 240, 156 S.E.2d at 258 (emphasis added). Here, because the Judgment addressed only whether the Town lawfully took title to a sewer easement across Ms. Rubin's land—and not what must now be done with the installed sewer pipe—the extent and enforcement of the "rights [Ms. Rubin] may have" against the Town were not adjudicated in the Judgment. The Town's declaratory judgment action therefore presents new issues,[4] namely whether the trespassing Town must remove its pipe or can preclude Ms. Rubin from disturbing it despite title based on "laches, economic waste, and other similar equitable doctrines."[5]

---

[4] We do not address whether the Town might ultimately prevent a removal of the pipe based on the equitable doctrines asserted in its complaint, as that is not the question raised by a 12(b)(6) motion to dismiss a declaratory judgment action. *See, e.g., Morris v. Plyler Paper Stock Co.,* 89 N.C. App. 555, 557, 366, S.E.2d 556, 558 (1988) ("A motion to dismiss for failure to state a claim is seldom appropriate in actions for declaratory judgments, and will not be allowed simply because the plaintiff may not be able to prevail.").

[5] At least one of the equitable doctrines contemplated by the Town is generally raised as an affirmative defense. *See, e.g., MMR. Holdings, LLC v. City of Charlotte*, 148 N.C. App. 208, 209-10, 558 S.E.2d 197, 198 (2001) (describing the equitable doctrine of laches as an "affirmative defense"). And we acknowledge that *res judicata* "bars every ground of recovery

¶ 29　　Ms. Rubin further contends that the declaratory judgment action should be dismissed *in toto* because the complaint allegedly failed to disclose a genuine controversy. She premises this argument on her belief that the question of whether removal of the sewer pipe is required had already been fully adjudicated and determined in *Apex v. Rubin I.* However, as we have stated, the Judgment simply determined title reverted to Ms. Rubin and did not address what must be done with the Town's pipe under her land. We therefore reject this argument.

¶ 30　　We also conclude that the prior action pending doctrine does not require dismissal of the Town's request for a declaration as to whether the pipe must be moved or may remain under some equitable theory absent title. Under the doctrine, "[w]hen a prior action is pending between the same parties, affecting the same subject matter in a court within the state . . . having like jurisdiction, the subsequent action is wholly unnecessary and therefore, in the interest of judicial economy, should be subject to plea in abatement." *State ex rel. Onslow Cty. v. Mercer*, 128 N.C. App. 371, 375, 496 S.E.2d 585, 587 (1998) (citations omitted). However, for purposes of the

---

*or defense* which was actually presented or which could have been presented in the previous action." *Goins v. Cone Mills Corp.*, 90 N.C. App. 90, 93, 367 S.E.2d 335, 336-37 (1988) (emphasis added). However, because Ms. Rubin did not assert a claim for mandatory injunctive relief in the prior action and did not receive a judgment to that effect, any equitable defenses to such relief are not barred by *res judicata. See Walton v. Meir*, 10 N.C. App. 598, 604, 179 S.E.2d 834, 838 (1971) ("[T]his principle simply means that a defendant must assert any defense that he has available, and that he will not be permitted in a later action to assert as an affirmative claim, a defense, which if asserted and proved as a defense in the former action, *would have barred the judgment entered in plaintiffs' favor*." (emphasis added)).

doctrine, "[a]n action is deemed to be pending from the time it is commenced until its final determination," and the rights available to Ms. Rubin were finally determined upon entry of the Judgment. *Apex v. Rubin I*, ___ N.C. App. at ___, 2021-NCCOA-___, ¶¶ 32-33. While Ms. Rubin raised in her post-judgment motions the issue of whether the Town must be compelled to remove the pipe, we have held that the Judgment did not award her such relief and she was not entitled to obtain it in that action. *Id.* at ___, 2021-NCCOA-___, ¶ 33. In other words, because the Judgment did not grant mandatory injunctive relief, despite Ms. Rubin's post-judgment motions, no proper action regarding removal of the pipe was pending at the time the Town filed its declaratory judgment action.

### 6. *The Preliminary Injunction*

A preliminary injunction is proper:

> (1) if a plaintiff is able to show *likelihood* of success on the merits of his [or her] case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.

*Ridge Cmty. Inv'rs, Inc. v. Berry*, 293 N.C. 688, 701 239 S.E.2d 566, 574 (1977). Ms. Rubin only challenges the first prong, arguing that the Town cannot show a likelihood of success on the merits because the entire complaint should have been dismissed under *res judicata* or prior action pending grounds. We agree with Ms. Rubin that

the Town cannot succeed on its claims that are barred by *Apex v. Rubin I* and *res judicata*, as discussed in Parts II.3-4 above. We therefore vacate findings of fact 9, 11, 14, 20, and 21, as well as a portion of conclusion of law 2, in the preliminary injunction order that are contrary to *Apex v. Rubin I*. In light of today's decisions in these cases, the Town cannot show a likelihood of success on those claims.

¶ 32        Ms. Rubin further asserts the trial court erred in finding as a fact that there are no practical alternatives to the currently installed sewer line that could provide sewer service to Riley's Pond. She points out that documents provided to the trial court by both parties demonstrate numerous alternatives to the sewer pipe currently running through her property. Based on the evidence of record, we vacate finding of fact 28 and the portion of conclusion of law 10 stating that there are no practical alternatives to the sewer line already installed on Ms. Rubin's land.

¶ 33        Though we vacate portions of the preliminary injunction order, we ultimately leave it undisturbed in light of our holding that the Town's request for a declaration resolving whether the pipe may be removed is not subject to dismissal. We must presume the preliminary injunction was proper, and Ms. Rubin bears the burden of showing error to rebut the presumption. *Analog Devices, Inc.*, 157 N.C. App. at 465, 579 S.E.2d at 452. Ms. Rubin has offered no argument against a likelihood of success on this claim beyond the *res judicata* and prior action pending arguments, which we have rejected, so she has not rebutted the presumption that the trial court correctly

determined the Town was likely to succeed on this claim.[6] We therefore affirm the remainder of the preliminary injunction order.

### III.  CONCLUSION

¶ 34    For the foregoing reasons, we reverse the trial court's denial of Ms. Rubin's motion to dismiss as to declarations (1)-(7) sought by the Town in paragraph 27 of its amended complaint. We affirm the denial of Ms. Rubin's motion as to declaration (8) requested by that same paragraph. As to the preliminary injunction order, we vacate findings of fact 9, 11, 14, 20, 21, and 28, as well as those portions of conclusions of law 2 and 10 described above. We affirm the remainder of the preliminary injunction order and remand this action to the trial court for further proceedings not inconsistent with this opinion.

REVERSED IN PART; VACATED IN PART; AFFIRMED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

---

[6] Our vacatur of the finding and conclusion that no alternatives to the current sewer pipe exist does not preclude affirmance of the preliminary injunction. The second prerequisite to a preliminary injunction—which is not argued by Ms. Rubin on appeal—is satisfied "if . . . , in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation." *Ridge Cmty. Inv'rs, Inc.*, 293 N.C. at 701, 239 S.E.2d at 574. As set forth above, Ms. Rubin only challenges a likelihood of success on the merits and the specific factual determination that there were no alternatives to the existing sewer line; she levies no argument against the trial court's conclusion that the preliminary injunction was necessary to protect the Town's rights in the pipe pending litigation of the declaratory judgment action. Absent argument to that effect, Ms. Rubin has not rebutted the presumption that the trial court properly entered a preliminary injunction on that basis.

Judges DILLON and JACKSON concur.